IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAISY TACKETT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-2266-JTM-GEB |
| | ) |
| UNIVERSITY OF KANSAS | ) |
| | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW Plaintiff and in support of her Motion for Leave to File a Second Amended Complaint, states as follows:

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir.1982), citing 6 C. Wright & A. Miller, *Federal Practice & Procedure,* § 1471, at 359 (1971).

This case was filed in state court on March 21, 2016 and removed on April 25, 2016. Case deadlines have not been set, and discovery has yet to begin. Even though Plaintiff drafted her original petition to exceed state and federal notice pleading requirements, after considering additional facts and arguments raised by Defendant in its first Motion to Dismiss (Doc. 10), plaintiff moved to amend her pleading and

the court granted leave to do so. Plaintiff's First Amended Complaint was filed on August 9, 2016. (Doc. 22).

Defendant filed another motion to dismiss plaintiff's lawsuit on September 2, 2016. (Doc. 25). Defendant's second Rule 12(b)(6) motion argues that Plaintiff failed to allege specific facts in her Amended Complaint making it insufficient to state a clam as a matter of law. Again, in this second dispositive motion, Defendant included new facts and exhibits not previously in the record in this case, relying on at least 20 references to facts outside the pleadings.

More important, after Plaintiff filed her first Amended Complaint, new and additional material facts surfaced which support Plaintiff's claims and pertain to the issues raised by defendant in its motion to dismiss. For example, in footnote 1 of its pending motion (Doc. 25), Defendant argues facts concerning the "expulsion" of Plaintiff's assailant to demonstrate that KU was not deliberately indifferent. However, according to recent media reports stemming from events occurring at Indiana State University, the assailant was allowed to withdraw and was not expelled. This information, plaintiff contends, demonstrates deliberate indifference under the law. These additional facts were not known to Plaintiff at the time she filed her first Amended Complaint, but were known to Defendant. Plaintiff seeks leave to amend her petition to include newly discovered facts that surfaced in the media in the last few weeks, together with known letters sent and received by KU, that show KU acted with deliberate indifference to Plaintiff's rights, among other things. These additional facts further support Plaintiff's claims and allowing

Plaintiff to amend and include these facts should be allowed. Fairness dictates that Plaintiff should have the opportunity to include newly discovered facts, as well as additional facts to rebut Defendant's factual arguments made in its Motion to Dismiss Plaintiff's First Amended Complaint.

Given the early stages of this litigation, Defendant KU cannot be prejudiced by Plaintiff's amending her pleadings a second time in this case. KU cannot claim prejudice when it places facts before the court in conjunction with its motion to dismiss that lead to additional facts that support Plaintiff's claims. Consistent with the liberal standard that applies to the amendment of pleadings under Rule 15(a)(2), the Court should grant Plaintiff's second Motion to Amend.

Plaintiff prays that the relief requested through this Motion be granted, specifically that this Court grant Plaintiff leave to file the Second Amended Complaint pursuant to Rule 15(a)(2).

Respectfully Submitted,

/s/ Dan Curry
Sarah A. Brown, KS# 12130
Dan Curry, KS#22750
Brown & Curry, LLC
406 West 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458
(816) 666-9596 (FAX)
sarah@brownandcurry.com
dan@brownandcurry.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016 the foregoing document was served by the Court's electronic filing system upon the following parties of record:

Michael C. Leitch
Megan K. Walawender
University of Kansas
245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, Kansas 66045
Tel: (785) 864-3276
Fax: (785) 864-4617
mleitch@ku.edu

ATTORNEY FOR DEFENDANT

          /s/ Dan Curry
          Attorney for Plaintiff