**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|                         |     |                          |
|-------------------------|-----|--------------------------|
| **DAISY TACKETT,**      | )   |                          |
|                         | )   |                          |
| **Plaintiff,**          | )   |                          |
| **v.**                  | )   | **Case No. 16-cv-2266- JTM-GEB** |
|                         | )   |                          |
| **UNIVERSITY OF KANSAS,**| )   |                          |
|                         | )   |                          |
| **Defendant.**          | )   |                          |
|                         | )   |                          |

## ANSWER

COMES NOW, Defendant the University of Kansas, through counsel, and for its answer and affirmative defenses to Plaintiff's Second Amended Complaint states:

1.      Answering Paragraph 1, Defendant states that Plaintiff has brought this suit but denies that she is entitled to relief.  Defendant denies the remaining allegations, which also state legal conclusions to which no answer is required.  To the extent an answer is required, Defendant denies same.

2.      Answering Paragraph 2, Defendant states that the allegations state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies same.

3.      Answering Paragraph 3, Defendant admits only that Plaintiff Tackett was a female student and athlete at the University of Kansas.  Defendant is without information or knowledge sufficient to admit or deny what Plaintiff means by the vague language "at all relevant times" and therefore denies the same.  Defendant denies the remainder of the allegations and expressly denies that Plaintiff was forced to withdraw.

4.      Answering Paragraph 4, Defendant admits the allegations contained therein.

5.      Answering Paragraph 5, Defendant admits only that John Doe G was a student and athlete at the University of Kansas who played football and during Plaintiff's freshman year, he lived in Jayhawker Towers.  Defendant is without information or knowledge sufficient to admit or deny what Plaintiff means by the vague language "at all relevant times" and therefore denies the same.  Defendant denies the remainder of the allegations.

6.      Answering Paragraph 6, Defendant states that the allegations state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies same.

7.      Answering Paragraph 7, Defendant states that the allegations state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies same.

8.      Answering Paragraph 8, Defendant states that the allegations state legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies same.

9.      Answering Paragraph 9, Defendant states that the allegations state legal conclusions to which no answer is required. Moreover, Defendant is without information or knowledge sufficient to admit or deny what Plaintiff means by the vague language "these policies" and therefore denies the same.  To the extent an answer is required, Defendant denies same.

10.     Answering Paragraph 10, Defendant states that the allegations state legal conclusions to which no answer is required. Moreover, Defendant is without information or knowledge sufficient to admit or deny what Plaintiff means by the vague language "at all time relevant" or to whom Plaintiff refers by "KU's employees" and therefore denies the same. Defendant denies the remainder of the allegations.

11.     Answering Paragraph 11 and its subparagraphs, Defendant admits only that it owns and manages student dormitories, including Jayhawker Towers, and admits that the University publicly reports sexual assaults of women and men, but denies that the Jayhawker Towers have a "specific history" and further denies that all of the subparagraphs to Paragraph 11 reference events that occurred at Jayhawker Towers.  Defendant denies the remaining allegations and implications contained in Paragraph 11 and each of its subparagraphs.

12.     Answering Paragraph 12, Defendant admits only that the *Lawrence Journal World* reported the quoted statement, but denies the remaining allegations and implications contained therein.

13.     Answering Paragraph 13, Defendant admits that it had a taskforce on sexual assaults, but denies the remaining allegations contained therein.

14.     Answering Paragraph 14, Defendant admits only that the *Lawrence Journal World* interviewed retired former police chief Ralph Oliver, but denies the remaining allegations and implications contained therein.

15.     Answering Paragraph 15, Defendant admits only that the Clery Report contains information regarding reported incidents of crimes, including sexual assault, but denies the remaining allegations.

16.     Answering Paragraph 16, Defendant admits only there are statements online regarding the safety of its residence halls and security; without specificity regarding the alleged representation, Defendant is without sufficient information to admit or deny the specific allegations therein and therefore denies the same.

17.     Answering Paragraph 17, Defendant admits Plaintiff received an athletic grant-in-aid and was on the rowing team but denies the remaining allegations contained therein.

18.     Answering Paragraph 18, Defendant admits that based on information and belief obtained from conducting a prompt and thorough investigation, Defendant's IOA office found that it was more probable than not that the allegations contained in Paragraph 18 occurred.

19.     Answering Paragraph 19, Defendant admits that based on information and belief obtained from conducting a prompt and thorough investigation, Defendant's IOA office found that it was more probable than not that John Doe G was at the same gathering in Jayhawker Towers as Plaintiff, but Defendant is without sufficient information to admit or deny the state of his appearance or any remaining allegations and therefore denies the same.

20.     Answering Paragraph 20, based on information and belief obtained from conducting a prompt and thorough investigation, Defendant's IOA office found that it was more probable than not that Plaintiff was sexually assaulted.  Defendant is without information or knowledge sufficient to admit or deny the remaining allegations and therefore denies the same.

21.     Answering Paragraph 21, Defendant is without information or knowledge sufficient to admit or deny the allegations and therefore denies the same.

22.     Answering Paragraph 22, Defendant admits that Plaintiff did not report her alleged sexual assault and further admits that based on information and belief obtained from conducting a prompt and thorough investigation, Defendant's IOA office found that it was more probable than not that she had shared her experience with another student.  Defendant denies any remaining allegations.

23.     Answering Paragraph 23, Defendant admits only that Plaintiff attended classes, participated in student senate and KU rowing team during the 2014-2015 school year but is without information or knowledge sufficient to admit or deny the remainder of this paragraph and denies the same.

24.     Answering Paragraph 24, Defendant admits that Plaintiff returned to KU in the Fall of 2015, but denies the remaining allegations.

25.     Answering Paragraph 25, Defendant admits that Rob Catloth is the head coach of the rowing team and that Carrie Callen was an assistant coach, but denies the remaining allegations.

26.     Answering Paragraph 26, Defendant denies the allegations contained therein.

27.     Answering Paragraph 27, Defendant denies the allegations contained therein.

28.     Answering Paragraph 28, Defendant is without information or knowledge sufficient to admit or deny this paragraph and denies the same.

29.     Answering Paragraph 29, Defendant is without information or knowledge sufficient to admit or deny this paragraph and denies the same.

30.     Answering Paragraph 30, Defendant admits that a team meeting was held but denies the remaining allegations.

31.     Answering Paragraph 31, Defendant is without sufficient information or knowledge as to what was said at the prior meeting and denies the same.  Defendant further denies the remaining allegations.

32.     Answering Paragraph 32, Defendant denies the allegations contained therein.

33.     Answering Paragraph 33, Defendant denies the allegations contained therein.

34.     Answering Paragraph 34, Defendant denies the allegations contained therein.

35.     Answering Paragraph 35, Defendant denies the allegations contained therein.

36.     Answering Paragraph 36, Defendant is without sufficient information or knowledge as to what Sarah McClure shared with Plaintiff or when and denies the same. Defendant further denies any remaining allegations contained therein.

37.     Answering Paragraph 37, Defendant admits that after Plaintiff reported her allegations about John Doe G to the trainer, the matter was reported to the University's Institutional Opportunity and Access ("IOA") Office.  Defendant further admits that Plaintiff did not report her allegations until after Ms. McClure reported her allegations the following year, but Defendant is without sufficient information or knowledge to admit or deny Plaintiff's motivation and denies the same and further denies any remaining allegations contained therein.

38.     Answering Paragraph 38, Defendant admits that Plaintiff scheduled the IOA meeting during rowing practice but denies the remaining allegations and implications contained therein.

39.     Answering Paragraph 39, Defendant admits that Plaintiff asked Assistant Coach Callen if she could miss practice to attend a meeting but denies the remaining allegations contained therein.

40.     Answering Paragraph 40, Defendant admits that Plaintiff told Assistant Coach Callen that she had been sexually assaulted but denies the remainder of the allegations contained therein.

41.     Answering Paragraph 41, Defendant admits that Assistant Coach Callen told Plaintiff to let Coach Catloth know that Plaintiff was going to miss practice but denies the remaining allegations and implications contained therein.

42.     Answering Paragraph 42, Defendant admits that Coach Catloth knew Plaintiff was going to miss practice, but denies the remaining allegations and implications contained therein.

43.     Answering Paragraph 43, Defendant denies the allegations contained therein.

44.     Answering paragraph 44, Defendant admits the allegations contained therein.

45.     Answering paragraph 45, Defendant admits only that several weeks after first reporting her assault to IOA, Plaintiff reported she saw John Doe G, but is without information or knowledge sufficient to admit or deny the remainder of this paragraph and denies the same.

46.     Answering paragraph 46, Defendant admits only that that several weeks after first reporting her assault to IOA, Plaintiff claimed she saw John Doe G and then reported seeing him to IOA, but is without information or knowledge sufficient to admit or deny the remainder of this paragraph and denies the same.

47.     Answering paragraph 47, Defendant admits only that Plaintiff claims she saw John Doe G, but is without information or knowledge sufficient to admit or deny the remainder of this paragraph and denies the same.

48.     Answering paragraph 48, Defendant admits that Plaintiff reported seeing John Doe G, but denies the remaining allegations contained therein.

49.     Answering paragraph 49, Defendant denies the allegations contained therein.

50.     Answering paragraph 50, Defendant denies the allegations contained therein.

51.     Answering paragraph 51, Defendant admits that it provided Plaintiff an escort to her classes, but denies the remaining allegations contained therein.

52.     Answering Paragraph 52, Defendant admits that at times, Plaintiff reported to the trainer that she was having a panic attack, but denies the remaining allegations.

53.     Answering Paragraph 53, Defendant denies the allegations contained therein.

54.     Answering Paragraph 54, Defendant denies the allegations contained therein.

55.     Answering Paragraph 55, Defendant admits that all rowers were notified via e-mail on December 7, 2015, as to which rowers had or had not been selected for the winter training trip.  Defendant denies the remaining allegations contained therein.

56.     Answering Paragraph 56, Defendant admits that on the following day, December 8, 2015, Plaintiff e-mailed Coach Catloth that she had been sexually assaulted, but denies the remaining allegations contained therein.

57.     Answering Paragraph 57, Defendant denies the allegations contained therein.

58.     Answering Paragraph 58, Defendant admits only that Plaintiff was not on the list of rowers selected for the winter training trip, but denies the remaining allegations and implications contained therein.

59.     Answering Paragraph 59, Defendant admits only that Sarah McClure was not on the list of rowers selected for the winter training trip, but denies the remaining allegations and implications contained therein.  It is expressly denied that the coaches were aware that Ms. McClure had gone to IOA and alleged that she had been sexually assaulted.

60.     Answering Paragraph 60, Defendant admits that Coach Catloth did not select Plaintiff to attend the winter training trip, but denies the remaining allegations and implications contained therein.

61.     Answering Paragraph 61, Defendant admits that in her December 8, 2015 e-mail, Plaintiff indicated she intended to transfer from KU to another school, but denies the remaining allegations contained therein.

62.     Answering Paragraph 62, Defendant admits that Plaintiff indicated she intended to transfer from KU to another school, but denies the remaining allegations contained therein.

63.     Answering Paragraph 63, Defendant denies the allegations contained therein.

64.     Answering Paragraph 64, Defendant admits that Plaintiff's father contacted IOA and shared his concern, but denies the remaining allegations and implications contained therein.

65.     Answering Paragraph 65, Defendant admits the allegations contained therein.

66.     Answering Paragraph 66, Defendant admits only that Plaintiff's attorney sent a letter to KU's IOA office which includes variations of subparagraphs a through g; the letter stated purported legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies same. Further, Defendant denies the remaining allegations and implications contained in Paragraph 66 and each of its subparts.

67.     Answering Paragraph 67, Defendant denies the allegations and implications contained therein.

68.     Answering Paragraph 68, Defendant admits that Plaintiff was never selected for the winter training trip but denies the remaining allegations contained therein.

69.     Answering Paragraph 69, Defendant denies the allegations contained therein.

70.     Answering Paragraph 70, Defendant denies the allegations contained therein.

71.     Answering Paragraph 71, Defendant denies the allegations contained therein.

72.     Answering Paragraph 72, Defendant denies the allegations contained therein.

73.     Answering Paragraph 73, Defendant admits that Plaintiff returned to KU in January of 2016 but denies the remaining allegations contained therein.

74.     Answering Paragraph 74, Defendant admits that, as of Plaintiff's return for the start of the spring semester in January 2016, the allegations contained therein are true.

75.     Answering Paragraph 75, Defendant denies the allegations contained therein.

76.     Answering Paragraph 76, Defendant is without information or knowledge sufficient to admit or deny as to Plaintiff's thought process and denies the allegations contained in Paragraph 76.   Defendant further denies the implications of this paragraph.

77.     Answering Paragraph 77, Defendant admits that Plaintiff was told she could keep the rowing equipment and that she expressed that she did not want to leave, but denies the remaining  allegations contained therein.

78.     Answering Paragraph 78, Defendant denies the allegations contained therein.

79.     Answering Paragraph 79, Defendant denies the allegations contained therein.

80.     Answering Paragraph 80, Defendant denies the allegations contained therein. Defendant states that on February 24, 2016, Joshua Jones told Plaintiff about some of the actions IOA had taken on her behalf and that she would and had received a complete waiver of tuition for the Spring 2016 semester, that she was only going to be charged for housing costs for the Fall 2015 semester, that the letter regarding returning the athletic equipment was in error, and that if she had received a student loan distribution payment for the Spring 2016, she would need to speak with financial aid about that disbursement.

81.     Answering Paragraph 81, Defendant denies the allegations contained therein.

82.     Answering Paragraph 82, Defendant, based on information and belief, admits the allegations contained therein.

83.     Answering Paragraph 83, Defendant denies the allegations contained therein. Defendant also incorporates by reference its Answer to Paragraph 80.

84.     Answering Paragraph 84, Defendant denies the allegations contained therein. Defendant also incorporates by reference its Answer to Paragraph 80.

85.     Answering Paragraph 85, Defendant admits that an administrative hold was placed on Plaintiff's account but denies the remaining allegations contained therein.

86.     Answering Paragraph 86, Defendant denies the allegations contained therein. Defendant further states that Plaintiff affirmatively applied for and chose to move into Jayhawker Towers during the 2015-2016 academic year.

87.     Answering Paragraph 87, Defendant denies the allegations contained therein.

88.     Answering Paragraph 88, Defendant denies the allegations contained therein.

89.     Answering Paragraph 89, Defendant denies the allegations contained therein.

90.     Answering Paragraph 90, Defendant denies the allegations contained therein.

91.     Answering Paragraph 91, Defendant admits only that its IOA Office sent Exhibit 1, a letter to Plaintiff on or about February 23, 2016, containing IOA's recommendation to KU's Student Affairs Office and that the contents of the letter speaks for itself.   Any remaining allegations and implications are denied.

92.     Answering Paragraph 92, Defendant admits only that its Student Affairs Office sent Exhibit 2 and that the contents of the e-mail speaks for itself.  It is specifically denied that such e-mail constitutes all discussions between the parties.   Any remaining allegations and implications are denied.

93.     Answering Paragraph 93, Defendant denies the allegations contained therein.

94.     Answering Paragraph 94, Defendant admits only that its Student Affairs Office sent Exhibit 3, a letter to Plaintiff on or about March 18, 2016, and that the contents of the letter speaks for itself.  Any remaining allegations and implications are denied.

95.     Answering Paragraph 95, Defendant admits only that its Student Affairs Office sent Exhibit 3, a letter to Plaintiff on or about March 18, 2016, and that the contents of the letter speaks for itself.  Any remaining allegations and implications are denied.

96.     Answering Paragraph 96, Defendant admits only that its Student Affairs Office sent Exhibit 3, a letter to Plaintiff on or about March 18, 2016, and that the contents of the letter speaks for itself.  Any remaining allegations and implications are denied.

97.     Answering Paragraph 97, Defendant denies the allegations contained therein.

98.     Answering Paragraph 98, Defendant denies the allegations contained therein.

99.     Answering Paragraph 99, Defendant denies the allegations contained therein.

100.    Answering Paragraph 100, Defendant admits only that its IOA Office sent Exhibit 4, a letter to Sarah McClure on or about March 2, 2016, containing IOA's recommendation to

KU's Student Affairs Office and that the contents of the letter speak for itself.  Any remaining allegations and implications are denied.

101.     Answering Paragraph 101, Defendant admits only that its Student Affairs Office sent Exhibit 5, an e-mail letter to Sarah McClure on or about March 17 2016, and that the contents of the e-mail speak for itself.  Any remaining allegations and implications are denied.

102.     Answering Paragraph 102, Defendant admits only that it sent Exhibit 6, a letter to Sarah McClure on or about March 18 2016, and that the contents of the letter speak for itself.  Any remaining allegations and implications are denied.

103.     Answering Paragraph 103, Defendant admits only that it sent Exhibit 6, a letter to Sarah McClure on or about March 18 2016, and that the contents of the letter speak for itself.  Any remaining allegations and implications are denied.

104.     Answering Paragraph 104, Defendant admits only that it sent Exhibit 6, a letter to Sarah McClure on or about March 18 2016, and that the contents of the letter speak for itself.  Any remaining allegations and implications are denied.

105.     Answering Paragraph 105, Defendant denies the allegations contained therein.

106.     Answering Paragraph 106, Defendant denies the allegations contained therein.

107.     Answering Paragraph 107, Defendant denies the allegations contained therein.

108.     Answering Paragraph 108, Defendant denies the allegations contained therein.

109.     Answering Paragraph 109, Defendant denies the allegations contained therein.

110.     Answering Paragraph 110, Defendant denies the allegations contained therein.

111.     Answering Paragraph 111, Defendant denies the allegations contained therein.

112.     Answering Paragraph 112, Defendant incorporates by reference its responses to paragraph 1 through 111, as if fully set forth herein.

113.    Answering Paragraph 113, Paragraph 113 contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies same.

114.    Answering Paragraph 114, Defendant denies the allegations contained therein.

115.    Answering Paragraph 115, Defendant denies the allegations contained therein.

116.    Answering Paragraph 116, Defendant denies the allegations contained therein.

117.    Answering Paragraph 117, Defendant denies the allegations contained therein.

118.    Answering Paragraph 118, the paragraph and its subparagraphs contain purported legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations and implications contained in Paragraph 118 and each of its subparagraphs.

119.    Answering Paragraph 119, Defendant denies the allegations contained therein.

120.    Answering Paragraph 120, the paragraph and its subparagraphs contain purported legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations and implications contained in Paragraph 120 and each of its subparagraphs.

121.    Answering Paragraph 121, Defendant denies the allegations contained therein.

122.    Answering Paragraph 122, Defendant denies the allegations contained therein.

123.    Answering Paragraph 123, Defendant denies the allegations contained therein.

124.    Answering Paragraph 124, Defendant denies the allegations contained therein.

125.    Answering Paragraph 125, Defendant denies the allegations contained therein.

126.    Answering Paragraph 126, Defendant denies the allegations contained therein.

127.    Answering Paragraph 127, Defendant denies the allegations contained therein.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and Defendant respectfully requests that judgment be entered in its favor against Plaintiff, that the Court award

Defendant its costs, attorneys' fees, and expenses incurred in defending this action, and that the Court grant it such other and further relief the Court deems equitable and just.

128.    Answering Paragraph 128, Defendant incorporates by reference its responses to paragraph 1 through 127, as if fully set forth herein.

129.    Answering Paragraph 129, the paragraph and its subparagraphs contain purported legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations and implications contained in Paragraph 129 and each of its subparagraphs.

130.    Answering Paragraph 130, the paragraph and its subparagraphs contain purported legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations and implications contained in Paragraph 130 and each of its subparagraphs.

131.    Answering Paragraph 131, the paragraph and its subparagraphs contain purported legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations and implications contained in Paragraph 131 and each of its subparagraphs.

132.    Answering Paragraph 132 and all of its subparagraphs, Defendant denies the allegations contained therein.

133.    Answering Paragraph 133, Defendant denies the allegations contained therein.

134.    Answering Paragraph 134, Defendant denies the allegations contained therein.

135.    Answering Paragraph 135, Defendant denies the allegations contained therein.

136.    Answering Paragraph 136, Defendant denies the allegations contained therein.

137.    Answering Paragraph 137, Defendant denies the allegations contained therein.

138.    Answering Paragraph 138, Defendant is without information or knowledge sufficient to admit or deny this paragraph and denies the same.

WHEREFORE, Defendant prays that Plaintiff's request for relief be denied in its entirety, that judgment be entered in Defendant's favor, that Defendant be awarded its costs, attorneys' fees and expenses in defending this action, and that the Court grant Defendant such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering, and in defense of Plaintiff's claims, Defendant states as follows:

1.    Further answering Plaintiff's Second Amended Complaint, Defendant denies each and every allegation contained in Plaintiff's Second Amended Complaint that has not been specifically admitted herein.

2.    Further answering Plaintiff's Second Amended Complaint, Plaintiff's Second Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

3.    Further answering Plaintiff's Second Amended Complaint, at all times relevant in this litigation, Defendant acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.

4.    Further answering Plaintiff's Second Amended Complaint, any actions taken against Plaintiff by Defendant were taken based on legitimate, non-discriminatory, non-retaliatory reasons.

5.    Further answering Plaintiff's Second Amended Complaint, Defendant states that it would have taken the same actions concerning Plaintiff in the absence of any protected status

or activity, and therefore any damages or relief sought by Plaintiff should be appropriately limited and restricted.

6.     Further answering Plaintiff's Second Amended Complaint, Defendant is not subject to liability under Title IX because it has an effective policy for reporting and redressing sexual harassment and other types of sex discrimination, pursuant to which Defendant conducted a prompt and thorough investigation of Plaintiff's allegations and implemented appropriate disciplinary sanctions and other corrective actions to address John Doe G's violation of the University's policy against sexual harassment and to remediate the effects of that conduct on Plaintiff.

7.     Further answering Plaintiff's Second Amended Complaint, if Plaintiff sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whose intervening conduct or negligence Defendant is not responsible.

8.     Defendant reserves the right to amend its Answer to assert such other and additional affirmative defenses as may be revealed by further investigation and discovery.

WHEREFORE, Defendant prays that Plaintiff's request for relief be denied in its entirety, that judgment be entered in Defendant's favor, that Defendant be awarded its costs, attorneys' fees and expenses in defending this action, and that the Court grant Defendant such other and further relief as the Court may deem just and proper.

## RESPONSE TO REQUEST FOR JURY TRIAL

Defendant requests trial by jury on all claims triable to a jury.

## RESPONSE TO DESIGNATION OF PLACE OF TRIAL

Defendant requests that Topeka, Kansas, be designated as the place of trial in the above matter.

Respectfully submitted,

By:  /s  Megan K. Walawender

Michael C. Leitch, Kansas Sup. Ct. #19588
Megan K. Walawender, Kansas Sup. Ct. #22955
Associate General Counsel and
    Special Assistant Attorney General
Room 245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, Kansas  66045
Tel:  (785) 864-3276;   Fax:  (785) 864-4617
Email:  mleitch@ku.edu
            Megan.walawender@ku.edu

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on March 16, 2017, I electronically filed this document using the CM/ECF system, with notice of filing generated automatically and emailed to:

Dan Curry
Sarah Brown
BROWN & CURRY, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111
dan@brownandcurry.com
sarah@brownandcurry.com
*Attorneys for Plaintiff*

/s/ Megan K. Walawender
*Attorney for Defendant*
*University of Kansas*