**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DAISY TACKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 16-cv-2266-JTM-GEB** |
| ) | |
| THE UNIVERSITY OF KANSAS, ) | |
| ) | |
| Defendant. | |

**PROTECTIVE ORDER**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary to protect both the parties and other persons from potential annoyance and embarrassment, as well as to safeguard confidential employee and proprietary information. Moreover, the Defendant, The University of Kansas, as an institution of higher education, is subject to the provisions of the Family Educational Rights and Privacy Act (FERPA), (20 U.S.C. § 1232g; 34 CFR Part 99) and the parties anticipate the production of certain non-party student records, including, but not limited to, student records of Plaintiff and the IOA file. The Family Educational Rights and Privacy Act (FERPA), defines "student record" as a record directly related to a student maintained by an educational institution, and it requires the University to provide advance notice to a student regarding the release of the record pursuant to "judicial order or lawfully issued subpoena." See 34 CFR 99.31(9)(i).

Subject to applicable law and rules, discovery sought in this case may include the following

{L0058972.1 }

private information from the parties and non-parties: medical, tax and financial information; student records; confidential portions of personnel files of parties and non-parties; and the address, contact information, and other personal information of non-parties.

The privacy interests in such information substantially outweigh the public's right of access to these documents. Good cause exists for the issuance of a protective order, including the facts that certain documents are subject to FERPA; the IOA file involves Plaintiff's report of sexual assault; and that many persons associated with this matter reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, and/or unfair business or competitive advantage, and it could potentially impact upon certain persons' personal and/or work relationships.

Upon joint motion and stipulation by Plaintiff Daisy Tackett and Defendant KU, pursuant to Rule 26(c) of Federal Rules of Civil Procedure, for entry of a protective order to ensure and maintain the confidentiality of certain information to be produced by the Parties and for good cause shown, it is hereby **ORDERED:**

1. As used in the Protective Order, these terms have the following meanings:

    i) "Attorneys" means counsel of record;

    ii) "Confidential" documents are documents designated pursuant to

    iii) paragraph 2;"Documents" are all materials within the scope of Fed.R.Civ.P. Rule 34, including any documents stored in electronic form;

    iv) "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

    v) "Student Records" means non-party education records protected by FERPA and shall include those files, documents, or information concerning an individual who is a current or former student at the University of Kansas and is not a party to this litigation and

{L0058972.1 }

which are maintained by the University of Kansas or by a person(s) acting for such agency or institution; and

   vi) "Written Assurance" means an executed document in the form attached hereto as Exhibit 1.

  2. Definition of Confidential Information.  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.  A Party may designate a document "Confidential", to protect confidential information within the scope of Fed.R.Civ.P. Rule 26(c), by stamping or labeling each page of the document with the word "Confidential," or designating the document pursuant to this Order.  Any party receiving documents marked as confidential shall treat the documents as confidential absent agreement or ruling to the contrary. Information or documents that are regularly available to the public may not be designated as Confidential Information.

  3. Student Records.  As used in this Order, information or documents that meet the definition of "student records" are to be treated as "confidential".  Any inadvertent failure to designate does not waive or change the confidential status of such records.  The right to privacy under FERPA belongs to the student.  Even where there existsa current court order, the University of Kansas is obligated to first make a reasonable effort to notify the student of the order or subpoena in advance of compliance so that the student may seek protective action. 34 C.F.R. §9931(a)(9)(ii).  This notification will be done by notifying the individuals by letter to their last known address and allowing them 21 days to respond if they so wish.

  4. All Confidential documents along with the information contained in the documents, shall be used solely for the purpose of the above-captioned Action, and no person

{L0058972.1 }

receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in anyway the documents or their contents to any person other than those specified in this order. Any other use is prohibited.

     5.    Access to any Confidential document shall be limited to:

         a.    The Court and its staff and any special master or mediator appointed by the Court;

         b.    Counsel for the parties, their law firms, their investigators and their Outside Vendors;

         c.    Persons shown on the face of the document to have authored or received it;

         d.    Court reporters and persons operating video recording equipment at depositions;

         e.    The parties to this action and persons employed by them;

         f.    Representatives of defendants' insurers;

         g.    Consultants and/or experts retained by any party to furnish assistance or services;

    h. Such other persons who may be specifically designated and qualified to receive confidential information pursuant to Court order or agreement of the parties.

  6. Third parties producing documents in the course of this action may also designate documents as confidential, subject to the same provisions and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as confidential for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of this Protective Order.

  7. Each person appropriately designated pursuant to paragraph 5(h) to receive confidential information shall execute a "Written Assurance" in the form attached as Exhibit 1. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party who designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

  8. All Depositions or portions of depositions taken in this action that contain confidential information may be designated confidential and thereby obtain the protections accorded other confidential documents. Confidentiality designations for depositions or portions of depositions shall be made either on the record or by written notice to the other party within 30 days after counsel receive the transcript, and by marking the initial page of the deposition with

the word "Confidential." Exhibits contended to be confidential shall be marked in the same manner as other confidential documents pursuant to paragraph 2. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential. Unless otherwise agreed, depositions shall be treated as confidential during the 30 day period following receipt of the transcript. Any Non-Party attending a deposition shall agree on the record at the start of the deposition to be bound by the terms of this Protective Order should CONFIDENTIAL INFORMATION be discussed.

9. Any party who inadvertently fails to identify a document as confidential shall, promptly on discovery of the oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive these documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. If a party files with the Court a document containing confidential information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

11. If a party intends to file or disclose a confidential student record or the information contained therein in any public filing in any way that would disclose the third-party individual's name, address, e-mail address, telephone number or be otherwise personally identifiable with that individual, the party must seek permission from the Court.

{L0058972.1 }

12. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Prior to disclosure at trial or a hearing of materials or information designated confidential, the parties may seek from the Court further protections against public disclosure.

13. Any party may request a change in the designations of any information designated confidential. Any party may move the Court to change any designations, with notice to any third party involved in the designation. Any information designated as confidential shall be treated as confidential until a change is ordered. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The party asserting that the material is confidential bears the burden of proving that the information in dispute is within the protections of Fed.R.Civ.P. Rule 26(c).

14. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the designating party all documents designated by the designating party or third party as confidential, all copies of such documents as well as any extracts or data taken from such documents. Additionally all persons who received any confidential documents from any party shall return to counsel who provided such documents all copies of said documents that are in the possession of such person(s) as well as any extracts or data taken from such documents and said counsel shall destroy or return these documents as set out above. Each party shall provide a certification as to such return or destruction within the 60 day period.

{L0058972.1 }

However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

15. Any party may apply to the Court to modify this Protective Order, and nothing in this Protective Order shall prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility, relevance, authenticity, or foundation of any documents, material, transcript or other information. Moreover, Nothing in this Order or to the fact that a party has consented to entry of the Order constitutes an agreement to provide any confidential student record or information, or constitutes a determination as to the propriety or enforceability of any subpoena or discovery request, constitutes a waiver of any objection to any subpoena or discovery request, or constitutes a determination as to the discoverability or admissibility of any document or information.

17. This Order authorizes any party to file confidential documents under seal, without the need for a separate motion or order.

18. The obligations imposed by this Protective Order shall survive the termination of this action.

19. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a

{L0058972.1 }

later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within ten (10) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

IT IS SO ORDERED this 17th day of April, 2017.

                                          s/ Gwynne E. Birzer
                                          Judge Gwynne E. Birzer
                                          U.S. Magistrate Judge

# EXHIBIT 1

I, _____, declare that:

I reside at _____ in the City of _____, Count of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I certify that I have read and I understand the terms of the Protective Order dated _____, 2017, filed in **Case No. 16-cv-2266-JTM-GEB**, pending in the United States District Court of Kansas. I agree to comply with and be bound by the provisions of the Protective Order. I agree to subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Protective Order, and I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents or copies of documents, or other information designated as confidential pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated confidential, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Kansas for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

_____<br>(Signature)

Executed on: _____
    (Date)