IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAISY TACKETT,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-2266-JTM-GEB |
| **UNIVERSITY OF KANSAS,** | ) |
| Defendant. | ) |

## MOTION TO DISMISS
## WITH SUPPORTING MEMORANDUM

Plaintiff Daisy Tackett has twice sued the defendant University of Kansas on the basis of the sexual assault she claims occurred in Student Housing. A state court has already dismissed one case on the merits, and Kansas law does not give plaintiff two bites at the apple. This lawsuit should be dismissed under the doctrine of res judicata.

### FACTUAL BACKGROUND

Plaintiff in this case seeks damages from the University under Title IX resulting from a sexual assault committed by another student in a student housing facility. In addition to this lawsuit, however, Daisy Tackett was also a plaintiff in the case of *James Tackett v. University of Kansas* in the Douglas County Kansas District Court. That case was a purported class action filed by plaintiff's father and the same attorneys as this case around the time this case was filed in March 2016. While this federal case was pending, Ms. Tackett joined the state court case as a plaintiff in June 2016. *See* Second Amended Class Action Petition, attached as Exhibit 1. In the state court case, Ms. Tackett and her parents claimed that the University misrepresented its student housing facilities as being "safe" despite the university being aware that prior sexual

{L0059087.6}

1

assaults had occurred there. Like she does here, Ms. Tackett alleged that she was sexually assaulted there by another student, and she sought declaratory and injunctive relief – and "ancillary relief" of restitution and disgorgement of tuition and fees – on the basis of the Kansas Consumer Protection Act (KCPA).

Ms. Tackett lost that case. In March 2017, the state court dismissed the lawsuit in its entirety, finding that under the KCPA, Ms. Tackett lacked an injury causally connected to the alleged misrepresentations, which was required under the KCPA. *See* Memorandum and Order Granting Motion to Dismiss, *James Tackett v. University of Kansas*, Case No. 2016-CV-103 at 6 (March 17, 2017) (attached as Exhibit 2).[1] The court's conclusion, dismissing plaintiff's KCPA claims for lack of an injury connected to the challenged conduct, is a finding on the merits of her KCPA claim, arising out of the facts and circumstances involving her alleged sexual assault. Because this lawsuit arises from the same sexual assault and the parties to the lawsuit are the same, the state court judgment now bars this duplicative action under the doctrine of res judicata, and this case should be dismissed.

## ISSUE PRESENTED

Whether plaintiff's claims are barred by the dismissal of her state court action arising from the same sexual assault at issue in this case.

## STANDARD OF REVIEW

Defendant brings this motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must determine whether the allegations of the complaint are sufficient to state a claim within the

---

[1] Plaintiff Sarah McClure was also a plaintiff (with her father) in the state court action, and her claims were also dismissed. *See* Exhibits 1 and 2. She also is the plaintiff in the case of *Jane Doe 7 v. University of Kansas*, 2:16-cv-02458, also pending in this Court. In her pending federal action, Jane Doe 7 (McClure) asserts, among other claims, a KCPA claim. Her claims are also barred by res judicata and will be the subject of a future motion in that case.

{L0059087.6 }

meaning of Rule 8.  Under the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007), the court must review the complaint to determine whether it "contains enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quotations omitted).  All well-pleaded factual allegations of the complaint are to be taken as true.  *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013).

When considering a motion to dismiss based on res judicata, this court may take judicial notice of records both from this Court and state courts in determining the relevant facts, without converting this motion to one for summary judgment.  *See Barnes v. United States*, 776 F.3d 1134, 1137 n.1 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1155 (2016); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *Wanjiku v. Johnson Cty.,* 173 F. Supp. 3d 1217, 1222 (D. Kan. 2016) ("A district court can take judicial notice of its own decisions and records in a prior case involving the same parties without converting a motion to dismiss the later case into a motion for summary judgment.").

The University respectfully requests that the Court take judicial notice of the state court documents submitted with this motion, as well as documents already on file with this Court.  Together, those documents demonstrate that dismissal is appropriate.

## ARGUMENT

**Res Judicata Bars This Duplicative Lawsuit**

"The doctrine of res judicata is a bar to a second action upon the same claim, demand or cause of action."  *Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1147 (10th Cir. 2007) (citing

*In re Estate of Reed*, 236 Kan. 514, 693 P.2d 1156, 1160 (1985)).  "[W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Stanfield v. Osborne Indus.*, 263 Kan. 388, 397, 949 P.2d 602 (1997), *cert. denied* 525 U.S. 831 (1998).  If a plaintiff fails to present all grounds or theories for relief arising from the single wrong, she may not split the cause of action or claim by bringing a subsequent suit that alleges new theories.  *Parsons Mobile Prods., Inc. v. Remmert*, 216 Kan. 138, 140, 531 P.2d 435 (1975).  A party cannot raise an issue in a new case that it could have raised previously without "seriously undercutting the orderly process of the law."  *Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S.Ct. 1493 (1995); *see also Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F. Supp. 278, 282 (D. Kan. 1988) ("all claims arising out of a single wrong must be prosecuted in one action"). [2]

Federal courts generally must give the same preclusive effect to a state court judgment that the judgment would have received in the courts of that state. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Carter v. City of Emporia, Kan.*, 815 F.2d 617, 619 (10th Cir. 1987).  "Kansas law is explicit and harsh in invoking claim preclusion to bar splitting a cause of action."  *Carter*, 815 F.2d at 617 (10th Cir. 1987) (citing *Pretz v. Lamont*, 6 Kan.App.2d 31, 34, 626 P.2d 806, 809 (1981)).  The purpose of the doctrine of claim preclusion or res judicata is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on

---

[2]  *See also Cory v. Fahlstrom*, 143 F. App'x 84, 88 (10th Cir. 2005) ("A court is not like a pin-ball machine, in which a player dissatisfied with his result can try his hand over and over again. Once a litigant has had a full and fair opportunity to present his claims in court and has lost, it is time for him to "accept" the result, at least to the extent of refraining from bringing repetitive lawsuits.").

{L0059087.6 }

4

adjudication." *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990) (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414 (1980)).

The doctrine of claim preclusion bars a party from "relitigating a claim that was, or could have been, the subject of a previously issued final judgment." *Rhoten v. Dickson*, 290 Kan. 92, 106, 223 P.3d 786, 797 (2010).[3]  Claim preclusion applies when (1) there is a final judgment; (2) the same parties are involved in the two suits; (3) there is the same cause of action in both suits; and (4) the earlier judgment was on the merits. *Id.* An exception to this general rule applies when a party did not have a "full and fair" opportunity to litigate the previous suit. *Id.*

### A. Final Judgment

In the state court action, Judge Huff entered her judgment effective March 17, 2017. *See* Exhibit 2. As of this filing, plaintiffs have filed a notice of appeal. However, Kansas state court decisions are "final" for purposes of claim preclusion, even if an appeal is pending. *Rhoten*, 290 Kan. at 108, 223 P.3d at 798 ("[F]ederal and Kansas courts have held a pending appeal does not suspend the finality of the lower court's judgment for claim preclusion purposes.") (citing cases). There is thus a final judgment.

### B. The Parties are the Same

The parties are also the same. In Kansas, for purposes of claim preclusion, the parties in both suits must be identical or in privity. Plaintiff joined the state court action in the Second Amended Class Action Petition on June 28, 2016. *See* Exhibit 1. The University of Kansas is the defendant in both actions. This element of claim preclusion is satisfied.

---

[3] *Rhoten* applied federal law, but the Kansas Supreme Court specifically noted, "Kansas law does not appear to differ significantly from the federal law regarding the preclusion doctrines." 290 Kan. at 106, 223 P.3d at 797.

{L0059087.6 }

### C. **The Cause of Action is the Same**

"The doctrine of res judicata is a bar to a second action upon the same claim, demand or cause of action." *In re Estate of Reed,* 236 Kan. 514, 693 P.2d 1156, 1160 (1985). In assessing this element of res judicata, Kansas follows the transactional approach. *See Phillips USA, Inc. v. Allflex USA, Inc.,* 77 F.3d 354, 360-61 (10th Cir. 1996) (discussing Kansas cases); *see also O'Keefe v. Merrill Lynch & Co.,* 32 Kan.App.2d 474, 84 P.3d 613, 618-19 (2004) (applying transactional approach). Where the allegations in the two cases arise out of the same transaction or series of connected transactions, claim preclusion will apply. *See Yapp v. Excel Corp.,* 186 F.3d 1222, 1227 (10th Cir. 1999) (describing transactional approach for res judicata purposes).

The Kansas Supreme Court has recognized actions as the same for purposes of res judicata where the two cases are related in time and origin, witnesses and evidence would tend to overlap, and allegations are almost identical. *See Stanfield v. Osborne Indus., Inc.*, 263 Kan. 388, 402, 949 P.2d 602, 611-12 (1997) (applying transactional approach). It has applied the doctrine of res judicata even to state law claims that the federal court dismissed without prejudice after granting summary judgment on federal claims. *See Rhoten v. Dickson*, 290 Kan. 92, 109-10, 223 P.3d 786, 799 (2010).

The Tenth Circuit and this court have applied the transactional approach broadly. For example, in *Haynes v. Kansas*, the Tenth Circuit affirmed this court's finding that res judicata applied when an employee sued his employer in one action for civil rights violations during his employment, and then filed a separate Title VII discrimination claim. 2008 WL 142783 (10th Cir. 2008). The employment relationship was also the basis for res judicata defense when a wrongful termination case was barred by a prior Fair Labor Standards Act case. *See Yapp*, *supra*. The Tenth Circuit noted that something as broad as the employment relationship could

constitute a "single transaction" for res judicata purposes. *Id.* at 1228 (citing *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992)). The fact that a plaintiff chooses to assert different *legal* claims in her two cases does not prevent the application of res judicata.

> It is a general rule of law, indeed an elementary one in this jurisdiction, that in a lawsuit between litigants in their ordinary capacity, so far as relates to a subsequent action on the same claim, not only is everything adjudicated between them which the parties may properly choose to litigate, ***but also everything incidental thereto which could have been litigated under the facts which gave rise to the cause of action.***

*Pretz v. Lamont*, 6 Kan. App. 2d 31, 33, 626 P.2d 806, 808 (1981) (emphasis added) (quoting *Jayhawk Equip. Co. v. Mentzer*, 191 Kan. 57, 61, 379 P.2d 342 (1963)); *Stanfield v. Osborne Indus., Inc*., 263 Kan. 388, 400–01, 949 P.2d 602, 611 (1997) ("claim preclusion prohibits a plaintiff, who has several different legal theories or 'claims' under which to sue, from bringing successive suits based on each individual theory or 'claim.'").[4]

Here, Ms. Tackett's allegations in both cases arise from the same transaction or series of transactions. Both lawsuits arise from her sexual assault by another student in student housing while she attended the University. Both lawsuits rely on prior sexual assaults on campus as the basis for imposing liability against the University – in the state court action, to prove alleged deceptive actions under the Kansas Consumer Protection Act, and here, to prove the alleged deliberate indifference to sex discrimination required for liability under Title IX. In many

---

[4] *See also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984) (vacating a remand for district court to apply state law rules of preclusion in case where original action was filed in state court and second action was federal civil rights case); *Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir.1995) (to discourage claim-splitting, judges award plaintiffs not the better outcome, but the first outcome: "whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation."); *Collins v. State*, 2009 WL 196194 at *4, 199 P.3d 188 (Table) (Kan. App. 2009) (claim preclusion applied where the differences in the actions were merely the legal theories asserted).

{L0059087.6 }

instances the allegations in this case are identical to the allegations made in the Second Amended Class Action Petition in the state court action:

- Paragraph 11 in the state court petition (Ex. 1) and paragraph 11 of the Second Amended Complaint (SAC) in this case [Doc. 39] are word-for-word identical all the way from the beginning to the end of each subparagraph (a) through subparagraph (f), detailing the alleged prior sexual assaults on which plaintiff based her claims in both cases.
- Paragraph 19 of the state court petition is identical to Paragraph 15 of the SAC.
- Paragraph 16 of the state court petition is substantively the same as SAC paragraph 26.
- Both actions allege that plaintiff was sexually assaulted in Fall 2014 by a KU football player. Compare Ex. 1, State Court Petition ¶29 to SAC ¶¶18-20.
- Ms. Tackett has also sought the same relief – disgorgement of tuition and board payments. *See* SAC ¶127 and Ex. 1, State Court Petition at page 11, ¶(4).

The substantial overlap in the allegations, identical time frames, similarity of evidence and damage claims, and the fact that both cases arise from her sexual assault demonstrate that these two lawsuits arise from the same transaction and should have been brought in one case.

The related Title IX case filed by plaintiff Sarah McClure confirms that Ms. Tackett's two lawsuits arise from the same transaction. In that case, plaintiff *actually alleges a KCPA claim*, just as she did in the state court case.[5] Her KCPA claim in the federal court case is contained in the same complaint as her Title IX case, and it is based upon the same facts as her

---

[5] *See Jane Doe 7 v. University of Kansas*, D. Kan. Case No. 2:16-cv-02458, Second Amended Complaint [Doc. 29] at 25.

Title IX claim. Claim preclusion bars not only claims that are actually asserted, but also claims that could have been asserted. *E.g., State v. Kingsley,* 326 P.3d 1083, 1087 (Kan. 2014). Just as plaintiff McClure asserted a KCPA claim in her Title IX case, Ms. Tackett could have asserted a KCPA claim in her Title IX case.[6] The cause of action is the same, and claim preclusion applies.

### D. The State Court Decision was a Decision on the Merits

Finally, claim preclusion requires a judgment on the merits. Here, there is one, because the state court dismissed the state court action for the lack of statutory standing – which is the failure to state a claim under the Kansas Consumer Protection Act.

The label of "statutory standing" can be "misleading," because "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional *power* to adjudicate the case." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387, n.4 (2014). Thus, questions of statutory standing are not jurisdictional. *Niemi v. Lasshofer*, 770 F.3d 1331, 1345 (10th Cir. 2014) (statutory standing argument does not implicate subject-matter jurisdiction). *See also Carolina Cas. Ins. Co. v. Pinnacol Assur.,* 425 F.3d 921, 926 (10th Cir. 2005) ("Congress may extend the right to sue under a statute to any plaintiff that has constitutional standing."); *Griffin v. Focus Brands Inc.*, 2017 WL 1359833, at *1 (11th Cir. Apr. 13, 2017) (holding that district court's decision granting motion to dismiss for lack of statutory standing was not a question of subject matter jurisdiction but rather whether the plaintiff had a cause of action under the statute and therefore a decision on the merits – affirming dismissal of second suit based on res judicata).

---

[6] Nor does it matter that plaintiff was one of five plaintiffs in the state court action, while here she is on her own, or that she sought different legal relief in the state court suit. *See Pretz*, 6 Kan. App. 2d at 34 ("We conclude the rule against splitting causes of action and the doctrine of res judicata are not rendered inapplicable by virtue of the first action having been brought by the plaintiff and another individual for damages to their jointly owned automobile; whereas, the second action was brought by the plaintiff for personal injuries.).

Kansas law agrees with the Supreme Court of the United States on this point. *See Sierra Club v. Moser*, 298 Kan. 22, 29, 310 P.3d 360, 367 (2013) (noting that traditional or common law standing in Kansas is a component of subject matter jurisdiction, but is a different issue than statutory standing); *Hunter Health Clinic v. WSU*, 52 Kan. App. 2d 1, 6-7, 362 P.3d 10, 14-15 (2015) (explaining differences between common law standing and statutory standing, holding the plaintiff lacked standing under the Kansas Open Records Act).

In this case, Judge Huff ruled that Ms. Tackett lacked statutory standing because she was "without an injury causally connected to the challenged conduct." In doing so, she followed this Court's analysis of the KCPA in *Stein v. Sprint Corp.*, 22 F.Supp.2d 1210, 1216 (D. Kan. 1998) (on reconsideration). *See* Exhibit 2 at 7. In *Stein*, Judge Lungstrum reviewed the KCPA to determine whether it required plaintiffs to be "aggrieved" to bring a class action under K.S.A. 50-634(c). Relying on comment 3, the court found that, to be constitutional, the statute had to be interpreted to allow a cause of action only to an aggrieved consumer, and the plaintiffs there were not aggrieved. Judge Huff followed this Court's decision in *Stein* and likewise held that, under the KCPA, Ms. Tackett had no injury causally connected to the challenged conduct under the KCPA. She therefore granted the motion to dismiss. *See also Finstad v. Washburn Univ. of Topeka*, 252 Kan. 465, 471, 845 P.2d 685, 690 (1993) (affirming summary judgment for university; determining whether consumer had to be "aggrieved" under the KCPA was a matter interpretation of a statute, not jurisdiction).

Judge Huff's decision was a decision on the merits of Ms. Tackett's KCPA claim – finding that the statute did not provide the claim she asserted. Judge Huff applied the requirements of the statute and found that Ms. Tackett failed to meet them. That ruling is a

judgment on the merits for purposes of res judicata, and this duplicative action should therefore be dismissed.

### E.  Ms. Tackett Had Full and Fair Opportunity to Litigate in the State Court Action

Finally, plaintiff must have had a full and fair opportunity to litigate her claims in the prior suit. "The full and fair opportunity to litigate a claim is not actually an element of claim preclusion," but rather is an exception to the claim preclusion rule.  *Wanjiku v. Johnson Cty.*, 173 F. Supp. 3d 1217, 1226 (D. Kan. 2016) (citations and quotations omitted).  Kansas court rules are largely modeled after the federal rules, and a dismissal on a Rule 12 motion is sufficient to constitute a full and fair opportunity to litigate claims.  *See id.*  Here, Ms. Tackett vigorously opposed the motion to dismiss in the state court, which took extensive briefing and heard oral argument on the motion.  She lost.  That judgment bars re-litigation in this court.

### CONCLUSION

The University should not have to defend, and the state and federal courts should not have to hear, multiple cases that involve the same allegations, witnesses, evidence, and critical events. All of the issues between Ms. Tackett and the University could have been presented in the state court action, just as they could have been presented in this case.  Instead, for whatever reasons, Ms. Tackett chose to split her claims, and she did so at her own risk.  Because the state court has already carefully reviewed and dismissed Ms. Tackett's other lawsuit against the University on the merits of the KCPA claim, the rule of claim preclusion applies here, and this duplicative lawsuit should be dismissed.

{L0059087.6 }

Respectfully submitted,

/s/ Michael C. Leitch
Michael C. Leitch, Kansas Sup. Ct. #19588
Email:  mleitch@ku.edu
Megan K. Walawender, Kansas Sup. Ct. #22955
Email:  megan.walawender@ku.edu
Room 245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, Kansas  66045
Tel:  (785) 864-3276
Fax:  (785) 864-4617

ATTORNEYS FOR DEFENDANT
UNIVERSITY OF KANSAS

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2017, a copy of the foregoing was electronically filed through the ECF system which sent a Notice of Electronic Filing to the following counsel:

Dan Curry
Sarah Brown
BROWN & CURRY, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111
dan@brownandcurry.com
sarah@brownandcurry.com
*Counsel for Plaintiff*

 /s/ Michael C. Leitch
   An Attorney for Defendant