ELECTRONICALLY FILED
2016 Jun 28 AM 10:12
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2016-CV-000103

IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | |
|---|---|
| JAMES TACKETT, | ) |
| | ) |
| AMANDA TACKETT, | ) |
| | ) |
| DAISY TACKETT, | ) |
| | ) Case No. 2016-CV-000103 |
| JAMES MCCLURE, | ) |
| | ) Chapter 60 |
| and | ) |
| | ) |
| SARAH MCCLURE, | ) |
| | ) |
| *on behalf of themselves and all others similarly situated* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| THE UNIVERSITY OF KANSAS, | ) |
| | ) |
| Defendant. | ) |

## SECOND AMENDED CLASS ACTION PETITION

1.      Plaintiffs James Tackett, Amanda Tackett, Daisy Tackett, James McClure, and Sarah McClure (collectively "Plaintiffs") bring this suit on behalf of themselves and all others similarly situated to obtain declaratory and injunctive relief against The University of Kansas (hereinafter "KU") pursuant to the Kansas Consumer Protection Act (KCPA), K.S.A. §50-623, et seq. In its attempts to solicit students to enroll in the university, KU has repeatedly represented to Plaintiffs and other prospective or current students or their family members that KU's residence halls are safe and secure. These representations are false. In truth, KU's residence

1

**EXHIBIT 1**

halls have for years been home to a known, persistent and growing problem of instances of sexual assault. Plaintiffs Daisy Tackett and Sarah McClure, as well as many other residents of KU's dormitories have been sexually assaulted while residing at KU's residence halls, both before and after KU made widespread representations of safety and security. The reality is that KU's residence halls are unsafe, although KU has consistently and aggressively solicited and procured enrollments through false representations and assurances of safety.

    2. This court has jurisdiction over Plaintiffs' claims as a court of general jurisdiction. *Undrey Engine & Pump Co. V. Eufaula Enterprises, Inc.*, 22 6 Kan. 186, 190, 597 P.2d 246 (1979). Jurisdiction is also expressly conferred by K.S.A. §50-638(a).

    3. Venue is appropriate in Douglas County as this is the site of the Defendant's principal place of business and where the subject misrepresentations took place. K.S.A. §50-638(b).

    4. Plaintiffs James and Amanda Tackett are the parents of Plaintiff Daisy Tackett, and are "consumers" under K.S.A. §50-624.

    5. Plaintiff James McClure is the father of Plaintiff Sarah McClure, and is a "consumer" under K.S.A. §50-624.

    6. Plaintiffs Daisy Tackett and Sarah McClure are former University of Kansas students, and are "consumers" under K.S.A. §50-624.

7. Plaintiffs sought and acquired the property and services of KU, including a university education and on-campus housing, for personal, family, and household purposes.

8. At all material times, the Defendant University of Kansas ("KU") was a Kansas educational institution located in Douglas County, Kansas, and a "person" and a "supplier" engaged in consumer transactions under K.S.A. §50-624.

9. Defendant KU is subject to suit pursuant to the Kansas Tort Claims Act (KTCA), K.S.A. § 75-6101 et seq.

10. KU's employees were operating within the scope of their employment at all times relevant with regard to the events described herein.

11. KU owns and manages student dormitories, including apartments commonly known as the Jayhawker Towers, which has a specific history of publically reported sexual assaults of women, including but not limited to such recent events as:

a. In March of 2013, the KU public safety office investigated a report of a sexual assault of a female at Jayhawker Towers Apartments.

b. In October 2013, KU received a report of a rape a female KU residence hall resident by a KU student.

c. In April of 2014, a KU female residence hall student reported a rape at her residence hall.

d. In October of 2014, two female KU residence hall students reported sexual assaults at their residence hall by a KU student and another man.

3

e. In March of 2014, a KU football player was arrested after a 19-year-old KU student reported that she had been fondled while passed out in the parking lot of the Jayhawker Towers, where the football player was a resident.

f. On November 10, 2014, the KU public safety office received a report of an alleged sexual battery at the Jayhawker Towers.

g. In February of 2016, a KU football player was arrested and held on suspicion of sexual battery and criminal restraint stemming from conduct at the Jayhawker Towers.

12. In November of 2013, in response to a media story featuring KU students discussing having sex with women intoxicated to the point of blackout, KU's Student Senate issued a statement condemning the students' comments, but that their attitudes "represent a serious threat to our campus" and that KU's "existing efforts" to combat attitudes about alcohol and sex "are not enough."

13. In 2013, KU imposed no punishment on students for failing to take its sexual harassment training, and only 57 percent of students completed it.

14. In 2013, KU surveyed 900 graduate and undergraduate students, and found that 11 percent reported being victims of sexual harassment and sexual violence, and that only 2 percent had reported it.

15. In July of 2014, the U.S. Department of Education began an investigation into the way KU handles sexual assault investigations.

16. In September of 2014, a group of KU students posted a video to YouTube stating that "KU is not a safe place for students…"; that KU was under

4

investigation for how it handled sexual assault cases; statements from two assault victims; and a list of demands for changes to KU's efforts to combat sexual assault.

17. In comments made in September of 2014 to a local newspaper, KU's assistant chief of police services stated "Overall, KU is a safe place but sometimes bad things happen."

18. On February 6, 2015, KU for the first time revealed that it had expelled 8 students for violating its sexual harassment policy in the previous 30 months.

19. According to the 2015 Clery Report for KU, in 2014 there were 14 rapes and 10 fondlings reported on campus, with 10 of the rapes and six of the fondlings occurring in KU's dorms. In 2013 there were 13 forcible sex offenses reported, with 9 of them occurring in KU's dorms. In 2012, there were 3 forcible sex offenses reported, with two in KU's dorms.

20. The report releasing the 2013 statistics showing a four-fold increase in reported sexual offenses was not released until September of 2014, when KU officials also acknowledged that the reported assaults under-represented the true total of sexual assaults.

21. In October of 2014, KU's chancellor made comments to the Kansas Board of Regents acknowledging that KU needed "to decrease the occurrence" of sexual assaults on campus.

22. On January 23, 2015, KU's Institutional Opportunity and Access indicated it was working to compile aggregate data regarding the sexual assault and reports it received, which had numbered over 100 in 2014.

23. KU's police chief, who has served in that position for 38 years, said in January of 2016 that in recent years a sharp increase of reported sexual assaults at KU has occurred, and that sexual assaults remained the biggest issue for the campus.

24. At some point after the Spring of 2015, KU's Student Affairs website posted statistics estimating that more than 2000 female KU students would experience some form of sexual assault.

25. From March of 2014 to present, KU marketers posted online content averring that "Students enjoy living on campus because it is convenient, safe, and affordable."

26. From 2013 to present, KU made representations online on the institution's website that KU and its residence halls were a "safe community" and that "Security is a priority."

27. From October 2010 to present, KU housing has maintained a promotional video featuring a KU student stating KU housing was "safe and secure."

28. In Fall of 2014, Plaintiffs James and Amanda Tackett paid for tuition and board at KU for Plaintiff Daisy Tackett so that she could attend KU and enjoy its services and grounds.

29. In Fall of 2014, Plaintiff Daisy Tackett was sexually assaulted by a KU football player at the Jayhawker Towers and subsequently harassed on campus by the same assailant.

30. In the fall of 2015, Plaintiff James McClure paid for tuition and board at KU for Sarah McClure so that she could attend KU and benefit from its services and grounds.

31. On or about August 29, 2015, Sarah McClure was sexually assaulted by a KU football player in her own room at the Jayhawker Towers.

32. According to the 2015 Clery reports, in 2014 KU reported the highest ratio of sex offenses to student enrollment of the ten schools in the Big Twelve Conference.

33. Also according to the 2015 Clery reports, in 2014 KU reported both the highest number of sexual assaults in university housing, and the highest ratio of sexual assaults in university housing to student enrolment, of the ten schools in the Big Twelve Conference.

34. On or about March 12, 2016, KU made a public statement to the Lawrence Journal-World, through its Director of News and Media Relations, Erinn Barcomb-Peterson, that KU's campus housing is "absolutely safe."

## CLASS ALLEGATIONS

35. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 34 above as though fully set forth herein.

7

36. Plaintiffs and all other consumers similarly situated are entitled to a judgment declaring that the deceptive acts and practices of KU in representing its residential housing as safe and secure, and omitting material facts in this regard in connection with soliciting and procuring students, violate the Kansas Consumer Protection Act.

37. Plaintiffs and all other consumers similarly situated are entitled to injunctive relief proscribing the deceptive acts and practices of KU in soliciting and procuring students through misrepresentations of safety and security with respect to on-campus residential housing. Plaintiffs and others similarly situated are also entitled to other ancillary relief, including restitution and disgorgement of funds unjustly received from Plaintiffs and all other similarly situated consumers, and retained by KU.

38. Plaintiffs bring this class action lawsuit on behalf of themselves and the following Class:

> All individuals who sought or obtained the enrollment of one or more students at the University of Kansas during the time period beginning three years prior to the date of the filing of the Class Action Petition in this action and continuing through the date of judgment. Excluded from the Class are Defendant; officers, directors, and employees of Defendant; any entity in which any Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of Defendant; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

39. The Class is so numerous that joinder of all members is impracticable.

40. Questions of law and fact are common to the Class, including factual questions as to the accuracy of KU's representations of the safety and security of its on-campus housing and legal questions as to whether KU's misrepresentations constitute deceptive acts or practices in violation of the Kansas Consumer Protection Act.

41. The claims of the Plaintiffs are typical of the claims of the Class, in that the same misrepresentations and material omissions they allege were also made to each member of the Class, at the same time and through the same channels.

42. Plaintiffs will fairly and adequately represent the Class and have retained experienced counsel familiar with class action procedures and consumer protection litigation.

43. KU has acted on grounds that apply generally to the Class, so that final injunctive relief and related declaratory relief is appropriate with respect to the Class as a whole. Accordingly, certification of the Class pursuant to K.S.A. §60-223(b)(2) is appropriate.

### DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT

44. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 43 above as though fully set forth herein.

45. Defendant KU is a supplier under the KCPA.

46. Plaintiffs were consumers under the KCPA.

9

47. Defendant KU supplied educational services and housing accommodations and to Plaintiffs and others similarly situated.

48. Defendant KU engaged in consumer transactions with Plaintiffs and others similarly situated when it sold or leased, for value, educational services and housing to Plaintiffs and others for the use and benefit of KU students.

49. Defendant KU engaged in numerous deceptive acts and practices in connection with its consumer transactions with the Plaintiffs and other similarly situated. These include, but are not limited to, representations made to Plaintiffs and others similarly situated, knowing or with reason to know that:

a. KU's property and services possessed characteristics, uses, and benefits they did not have.

b. KU's property and services were of a particular standard, quality and grade, although such property and services were of another standard, quality and grade that differed materially from the representations.

c. KU's residence halls were safe and secure, while KU relied upon and possessed no reasonable basis for making such assertions.

50. Defendant KU knowingly made representations that were false, exaggerated or ambiguous regarding a material fact concerning the safety and security of its residence halls and campus.

51. Defendant KU failed to state, omitted, suppressed or concealed material facts regarding the safety of its residence halls and campus.

52. Defendant KU engaged in unconscionable acts and practices when it knew or had reason to know:

a. That the Plaintiffs and those similarly situated were unable to receive a material benefit for their purchase of Defendant's property or services.

b. That Defendant KU made misleading statements of opinion upon which Plaintiffs and those similarly situated were likely to rely to their detriment.

WHEREFORE, Plaintiffs and the Class respectfully request the following relief:

(1) certification of the Class and appointment of undersigned Counsel for Plaintiffs as class counsel, pursuant to KSA §50-634(c) and KSA §60-223;

(2) an injunction ordering Defendant KU to cease making representations to current and prospective KU students and the public as to the safety and security of on-campus housing, until such time as such safety and security is demonstrated;

(3) a judgment declaring that Defendant KU has committed violations of the Kansas Consumer Protection Act in misrepresenting the safety and security of on-campus housing and omitting material facts, in the course of soliciting students, regarding incidents of sexual assault;

(4) appropriate ancillary relief, including restitution and disgorgement of tuition, fees, housing costs, and other funds unjustly received by KU through use of deceptive acts and practices in connection with such misrepresentations and material omissions;

(5) an award of reasonable attorney fees to Plaintiff pursuant to K.S.A. §50-634(e), and the costs of this action; and

(6) such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Dan Curry
Dan Curry, KS22750
Sarah Brown, KS12130
BROWN & CURRY, LLC
406 W. 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458
dan@brownandcurry.com
sarah@brownandcurry.com
ATTORNEYS FOR PLAINTIFFS

/s/Anthony E. LaCroix
Anthony E. LaCroix    KS 24279
LACROIX LAW FIRM, LLC
406 West 34th Street, Suite 810
Kansas City, Missouri 64111
Telephone:  (816) 399-4380
Email:  tony@lacroixlawkc.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 28th day of June, 2016, a copy of the foregoing was electronically filed through the Kansas Court's E-filing system, which sent a Notice of Electronic Filing to all counsel of record, and a copy was served via electronic mail upon the following counsel of record:

Brian C. Fries
bfries@lathropgage.com
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2684
Kansas City, MO 64108
Telephone: (816) 292-2000
Fax: (816) 292-2001

Megan K. Walawender
megan.walawender@ku.edu
The University of Kansas
Associate General Counsel
1450 Jayhawk Boulevard
245 Strong Hall
Lawrence, Kansas 66045
Telephone: (785) 864-3276
Fax: (785) 864-4617

Attorneys for Defendant
The University of Kansas

/s/Anthony E. LaCroix
Attorney for Plaintiffs