ELECTRONICALLY FILED
2017 Mar 17 AM 9:54
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2016-CV-000103

IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
DIVISION THREE

| | | |
|---|---|---|
| James Tackett, et al., Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | Case No. 2016-CV-103 |
| University of Kansas, Defendant. | ) ) ) ) | |

## MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

On March 11, 2016, James Tackett and Amanda Tackett filed a class action suit for declaratory and injunctive relief against the University of Kansas (hereinafter "KU"), pursuant to the Kansas Consumer Protection Act (KCPA), K.S.A. §50-623, *et seq.*

Plaintiffs allege that KU has repeatedly represented to Plaintiffs and other students and family members that KU's residence halls are safe, which representation, they allege, is false. Plaintiffs allege that their daughter Daisy Tackett was sexually assaulted at Jayhawker Towers while a student at KU.

Plaintiffs seek a declaratory judgment that these alleged misrepresentations and omissions violated the KCPA and seek an injunction prohibiting KU from representing in the future that KU's on-campus housing is safe. Additionally, Plaintiffs seek "ancillary" relief of restitution and disgorgement of all tuition, housing and other moneys KU received in connection with their daughter's attendance.

Plaintiffs filed a First Amended Class Action Petition on April 13, 2016. Defendant KU filed a motion to dismiss on or about June 3, 2016. Plaintiffs filed a motion for leave to amend First Amended Petition on June 28, 2106, where Daisy Tackett, James McClure and Sarah McClure sought to join the lawsuit and bring identical causes of action against KU. KU did not oppose the motion for leave to amend but subsequently filed a motion to dismiss Plaintiffs' Second Amended Petition.

In related litigation, Daisy Tackett and Sarah McClure have filed lawsuits against the University of Kansas based upon Title IX claims, which KU removed to federal court.

Although KU denies the merits of the claims, KU argued that the court need not address the merits because Plaintiffs lack standing or have failed to state a claim since Plaintiffs failed to plead KU acted willfully or with intent to harm. For purposes of this memorandum decision, the Court will at times refer to Plaintiffs Daisy Tackett and Sarah McClure as student-Plaintiffs and to James and Amanda Tackett and James McClure as parent-Plaintiffs. Finally, Plaintiffs have failed to plead misrepresentation and omission claims with particularity. KU filed a motion to dismiss the second amended class action

**EXHIBIT 2**

petition, which was heard on August 8, 2016. The court took the motions under advisement.

Here, defendant KU raised several issues:

1) Plaintiffs lack standing to seek declaratory or injunctive relief;
2) Plaintiffs have not alleged a cognizable injury caused by alleged violation;
3) Parent-Plaintiffs lack statutory standing because they are not consumers as defined by the KCPA;
4) Plaintiffs have not alleged KU acted willfully or intentionally and have not supported their claims for relief based upon exaggeration or omission;
5) Plaintiffs have not pleaded their claims with particularity;
6) The KCPA does not authorize the "ancillary relief" Plaintiffs seek;
7) Student-Plaintiff McClure has split her claims in state and federal courts even though the claims substantially overlap.

In response, Plaintiffs assert that the KCPA should be liberally construed to protect consumers from suppliers who commit deceptive and unconscionable practices, among other policies. K.S.A. 50-623; *State ex rel. Stephen v. Brotherhood Bank & Trust Co.,* 8 Kan.App.2d 57 (1982)("act to be liberally construed in favor of the consumer"). Second, parent-Plaintiffs paid KU for its services. Third, the Act prohibits deceptive or unconscionable acts and practices in connection with *solicitation* of such transactions. K.S.A. 50-624(c); *State ex rel. Kline v. Berry,* 35 Kan.App.2d 896, 902 (2006)("a solicitation by a supplier may be sufficient to subject a supplier to the requirements and penalties of the Act regardless of whether the solicitation results in a sale, lease or other disposition of property within the State of Kansas.")

Factual Background

Plaintiffs James and Amanda Tackett ("Plaintiffs") are parents of a former University of Kansas ("KU") student, Daisy Tackett. Daisy Tackett was allegedly sexually assaulted while a former student at KU. James McClure is a parent of Sarah McClure who was also allegedly sexually assaulted while a student at KU. Plaintiffs allege that KU violated the Consumer Protection Act in soliciting and recruiting students and their families, and their tuition and housing dollars, by use of deceptive and false statements of safety and security.

The Second Amended Petition avers that:

a. James and Amanda Tackett are parents of Daisy Tackett and are consumers under K.S.A. § 50-624.

b. James McClure is the father of Plaintiff Sarah McClure and is a "consumer" under K.S.A. § 50-624.

2

      c. Sarah McClure and Daisy Tackett are former University of Kansas students and are "consumers" under K.S.A. § 50-624.

      d. Plaintiffs sought and acquired the property and services of KU, including a university education and on-campus housing.

      e. KU operates student dormitories, including apartments commonly known as the Jayhawker Towers, which has publicly reported sexual assaults of women, including seven incidents from 2013 through February 2016.

      f. KU in the 2014 Clery Report reported 14 rapes and 10 fondlings on campus, with 10 of the rapes and six of the fondlings occurring in KU's dorms. In 2013 13 forcible sex offenses were reported, with 9 occurring in KU's dorms. In 2012, there were 3 forcible sex offenses reported, with two in KU's dorms.

      g. In October, 2014, KU's chancellor acknowledged that KU needed "to decrease the occurrence" of sexual assault on campus.

      h. In July 2014, the U.S. Department of Education began an investigation into the way KU handles sexual assault investigations.

      i. KU has posted online content stating that "students enjoy living on campus because it is convenient, safe and affordable."

      In the fall of 2014, Plaintiffs James and Amanda Tackett paid for tuition and board at KU for Daisy Tackett so that she could attend KU and enjoy its services. In the fall of 2014, Daisy Tackett was allegedly sexually assaulted by a KU football player at the Jayhawker Towers and subsequently harassed on campus by the same assailant. In the fall of 2015, Plaintiff James McClure paid for tuition and board at KU for Sarah McClure so that she could attend KU. On or about August 2015, Sarah McClure was sexually assaulted by a KU football player in her own room at the Jayhawker Towers.

      Plaintiffs aver that KU has misrepresented the safety and security of on-campus residential housing. Plaintiffs request certification and appointment of Plaintiffs' counsel as class counsel, pursuant to K.S.A. § 50-634(c) and 60-223. Plaintiffs further seek injunctive relief and ancillary relief, including disgorgement of funds received from Plaintiffs and all other similarly situated consumers.

KCPA

      The Consumer Protection Act defines the following:

> (b) "Consumer" means an individual, husband and wife, sole proprietor, or family partnership who seeks or acquires property or services for personal, family, household, business or agricultural purposes.
>
> (c) Consumer transaction" means a sale, lease, assignment or other disposition for value of property of services within this state (except insurance contracts regulated under state law) to a consumer; or a solicitation by a supplier with respect to any of these dispositions.
>
> . . .
>
> (l) "Supplier" means a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer. Supplier does not include any bank, trust company or lending institution . . .

K.S.A. § 50-624.

Furthermore, the Act shall be construed "liberally" to protect consumers from suppliers who commit deceptive and unconscionable practices. K.S.A. § 50-623(b). No supplier shall engage in any deceptive act or practice in connection with a consumer transaction. K.S.A. § 50-626(a). Deceptive acts and practices include "representations made knowingly or with reason to know that" the services have characteristics or benefits that they do not have (K.S.A. § 50-626(b)(1)(A)); or services are of a particular standard, grade or quality, although such services were of another standard, quality or grade which differed materially from the representation (K.S.A. §50-626(b)(1)(D)).

In particular, Plaintiffs allege, the residence halls were not safe and secure as represented, which could in theory violate (b)(1)(A) or (b)(1)(D).

In addition, no supplier shall engage in an unconscionable act or practice in connection with a consumer transaction. K.S.A. § 50-627(b). Plaintiffs allege KU engaged in unconscionable acts and practices when it had reason to know that Plaintiffs and others were likely to rely on these acts and practices to their detriment, and Plaintiffs and others did not receive a material benefit for their purchases of services.

K.S.A. 50-634 provides for private actions and remedies for consumers. Subsections (a), (b) and (d) provide that a consumer who is "aggrieved" by a violation may seek declaratory relief or injunctive (subsection a) or damages or civil penalties (subsections b and d). Subsections (c) and (d) provide for possible class actions. Subsection (c) eliminates the "aggrieved" or "suffers loss" element and simply provides:

> Whether a consumer seeks or is entitled to recover damages or has an adequate remedy at law, a consumer may bring a class action for declaratory judgment, an injunction and appropriate ancillary relief, except damages, against an act or practice that violates this act.

Do Plaintiffs Have Standing to Bring this Lawsuit?

For purposes of this motion to dismiss, the court assumes the facts alleged by the plaintiffs are true, along with any inferences reasonably to be drawn therefrom. The court must also decide whether those facts and inferences state a claim on the theories presented by the plaintiffs. *Platt v. Kansas State University,* 379 P.3d 362 (2016).

The parties agree that standing includes both constitutional standing and statutory standing. With respect to the constitutional issue, the parties agree that the Kansas test for standing should be applied, rather than the federal test. Plaintiffs bear the burden to establish standing. *Gannon v. State,* 298 Kan. 1107, 1123 (2014).[1] The Court did apply the Kansas test for standing because this is a Kansas statute and a lawsuit in a Kansas court.

To have standing under the Kansas constitution, a claimant must demonstrate: "(1) he or she suffered a cognizable injury; and (2) that there is a causal connection between the injury and the challenged conduct." *Kansas Bldg. Indus.,* 302 Kan. at 678-79. The Supreme Court has also referred to the cognizable injury as an "injury in fact." *Comprehensive Health of Planned Parenthood v. Kline,* 287 Kan. 372, 406 (2008). A cognizable injury is an injury that is "entirely different from any harm that members of the general public experienced." *Kansas Bldg. Indus., supra,* at 680. The "causal connection" element is met where the injury is "fairly traceable" to the challenged action of the defendant and not the result of the "independent action of some third party not before the court." *Id.* at 681-82.

In addition to constitutional standing, a party asserting a claim under a Kansas statute must establish statutory standing. *Hunter Health Clinic v. Wichita State Univ.,* 52 Kan.App.2d 1, 14-15 (2015), citing *Friends of Bethany Pl.,* 297 Kan. 1112, Syl. ¶ 2 (2013).

To have standing to sue under the KCPA, the plaintiffs must be consumers. To be a consumer, one must have been a party to the contract for purchase. *First Nat'l Bank of Anthony v. Dunning,* 18 Kan.App.2d 518, 524, *rev. denied,* 253 Kan. 857 (1993). In this case, students, not parents, signed the housing contract with KU. Even if parents paid money to KU, they are not parties to the contract. The source of the funds has no bearing on who is a consumer under the KCPA. *Hayes v. Find Track Locate, Inc.,* 60 F.Supp.3d 1144, 1152 (D. Kan. 2014). Judge Rogers in *Hayes* also rejected a claim that a family unit was a "family partnership" under the Act because such a "family partnership" requires an actual "partnership" under Kansas law. In general, Kansas courts have applied the Act only to parties to the contract. *See First Nat'l Bank of Anthony v. Dunning,* 18 Kan.App.2d 518, 855 P.2d 493, 498, *rev. denied,* 253 Kan. 857 (1993)(KCPA does not apply to third party "gratuitous mortgagor" of real estate);

---

[1] Although the standards are similar, the federal constitutional standing enforces the United States constitutional requirement of a case or controversy, found in Article III. *Kansas Bldg. Indus. Workers Comp. Fund v. State,* 302 Kan. 656, 678 (2015), citing *United States v. Windsor,* 133 S.Ct. 2675 (2013).

*Farrell v. General Motors Corp,* 249 Kan. 231, 815 P.2d 538 (1991); *Stair v. Gaylord,* 232 Kan. 765, 659 P.2d 178 (1983); *Heller v. Martin,* 14 Kan.App.2d 48, 782 P.2d 1241 (1989).

The Court concludes that the parent-Plaintiffs are not consumers under the act and are not parties to the contract for a consumer transaction with KU. The parent-plaintiffs are dismissed.

With respect to the student-Plaintiffs, the Court finds that they are parties to a consumer transaction. However, KU asserts that student-Plaintiffs lack standing to seek declaratory or injunctive relief because as former students, they do not allege that they are in danger of facing or suffering a present or threatened future injury.

To seek prospective relief, which is the relief prayed for, claimants must suffer a continuing injury or "be under a real and immediate threat of being injured in the future." *Hammer v. Sam's E., Inc.,* No. 12CV2618, 2013 WL 3756573 at *2 (D. Kan. 2013); s*ee also Baker v. City of Overland Park,* 2009 WL 3083843 at *4 (Kan. Ct. App. Sept. 25, 2009) ("Standing in the context of a declaratory judgment action, however, requires the plaintiff to allege and/or demonstrate actual present harm or a significant possibility of future harm.").

Standing for prospective relief cannot be based upon past harm, and actual or threatened injury must be "certainly impending" as opposed to merely speculative. *Lippoldt v. Cole,* 468 F.3d 1204, 1217 (10th Cir. 2006).

In this case, Plaintiffs have knowledge of what they characterize as deceptive acts, which eliminates any present or imminent threat of future injury to them. Therefore, Plaintiffs cannot show a continuing injury or imminent threat of future harm. Student-Plaintiffs are no longer enrolled in KU and are not seeking readmission. Plaintiffs have no current or anticipated future involvement with KU but request prospective relief, including an injunction ordering Defendant KU to cease making representations to current and prospective students and to the public as to the safety and security of on-campus housing and a judgment that KU has committed violations of the KCPA. *See, e.g., McNair v. Synapse Grp. Inc.,* 672 F.2d 213, 225)(3rd Cir. 2012)(no standing because court would have to assume plaintiff at real and immediate risk of being "fooled again and again"; class representatives face no reasonable likelihood of future injury warranting prospective relief from defendant's deceptive acts because they were no longer customers of customers of defendant); *Nicosia v. Amazon.com, Inc.,* 84 F.Supp.3d 142, 158 (E.D.N.Y. 2015)(plaintiff lacked standing to seek injunctive relief because he failed to plead facts that would permit plausible inference that he is in danger of being wronged again."

The Court finds that student-Plaintiffs allege past harm and fail to show within the petition a continuing injury or that they face "a real and immediate threat of being injured in the future." Student-Plaintiffs have failed to plead facts that would permit the plausible inference that they are in danger or being wronged again. *See, e.g., McNair v.*

*Synapse Grp. Inc.,* 672 F.3d 213, 225)(3rd Cir. 2012)(no standing because court would have to assume plaintiff at real and immediate risk of being "fooled again and again"; class representatives face no reasonable likelihood of future injury warranting prospective relief from defendant's deceptive acts because they were no longer customers of customers of defendant); *Nicosia v. Amazon.com, Inc.,* 834 F.3d 220 (2nd Cir. 2016) (plaintiff lacked standing to seek injunctive relief where they are unable to establish a "real or immediate threat" of future injury).

KU also asserts that Plaintiffs lack standing because they have not alleged that they sustained any injury caused by KU's alleged violation of the KCPA. *See Finstad v. Washburn Univ. of Topeka,* 252 Kan. 465, 472 (1993)(consumers who have not suffered a loss or injury as a result of violation of the KCPA are not "aggrieved"). Plaintiffs respond by saying that KSA 50-634 provides for "private remedies." Subsections (a), (b), and (d), provide for "aggrieved" consumers, or consumers who have been harmed by a violation of the act. Subsection (c) does not require a causal connection or that a consumer suffer an injury or loss as a result of the alleged violation. Plaintiffs contend that the legislature by omitting language of loss or "aggrieved" must have intended to allow any consumer to prosecute any violation, whether aggrieved or not, as a private attorney general.

The Kansas Comment, Note 3, to K.S.A. 50-634 (1973) states that an aggrieved consumer may bring a private class action. In *Stein v. Sprint Corp.* 22 F.Supp. 2d 1210, 1216 (D. Kan. 1998) (on reconsideration), Judge Lungstrum held that class representative-plaintiffs must allege and show that they personally suffered an injury to bring a class action under 50-634(c) of the KCPA, despite the subsection's failure to refer to "aggrieved" consumers. Judge Lungstrum relied upon Comment 3, as well as the fact that without requiring the plaintiff to have sustained an injury as a result of a violation of the Act, the statute would be unconstitutional. Standing requires an injury in fact.

The Court is persuaded by the Comment, as well as the federal case cited by KU. Without an injury causally connected to the challenged conduct, student-Plaintiffs lack standing.

The Motion to Dismiss the petitions in this case is granted.

Dated this 17th day of March, 2017.

B. Kay Huff
District Judge

cc: Brian Fries
   Megan Walawender
   Dan Curry
   Anthony LaCroix