## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAISY TACKETT,                        )
                                      )
       Plaintiff,                )
                                      )
v.                                    )          Case No. 16-cv-2266-JTM-GEB
                                      )
THE UNIVERSITY OF KANSAS,             )
                                      )
       Defendant.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
## WITH SUPPORTING MEMORANDUM

Daisy Tackett has only sued KU once for damages resulting from a sexual assault. Presently, she has stated claims for Title IX sexual discrimination based on KU's conduct after Plaintiff's sexual assault, for Title IX sexual discrimination based on Coach Catloth's harassment and Title IX retaliation. (Doc. 38). Tackett's Title IX claims are not the same cause of action or claim as the KCPA false advertising claim.

Tackett joined a KCPA class action lawsuit for a false advertising injury three months after she filed her Title IX lawsuit against KU. The KCPA case concerned false representations that KU made to students and parents that its residence halls were safe. The class action KCPA lawsuit sought an injunction and ancillary relief. No one, including Tackett, sought damages for any sexual assault in the KCPA class action lawsuit. Tackett's KCPA claims are not the same cause of action or claim as the sexual discrimination and retaliation claims she brought under Title IX of the Education Amendments of 1972.

The Judgment entered by the District Court of Douglas County in the KCPA class action case was not a decision on the merits. The case was dismissed because the court decided the various classes of plaintiffs either were not consumers under the Act or that they lacked

constitutional standing to bring the KCPA claim. The court looked only at whether Daisy Tackett had an injury connected to the false advertising.

KU contends that the state court decision finding Tackett lacked standing to bring a class action false advertising case precludes Plaintiff's Title IX case for personal injury damages from going forward. But the state court decision was not a decision on the merits, the claims in the state court case arose out of a false advertisement, not a sexual assault, and Tackett did not have the opportunity to litigate her Title IX claim in the KCPA class action case. Claim preclusion, or res judicata, has no application to this lawsuit.

## A. Factual and procedural background

Daisy Tackett filed her Title IX lawsuit in Douglas County, Kansas on March 21, 2016. KU removed her lawsuit to federal court on April 25, 2016.  (Doc. 1).

On June 28, 2016, she joined the KCPA false advertising class action case as a plaintiff. KU moved to dismiss the class action lawsuit in June 2016.

While the class action motion to dismiss was pending, Tackett filed her First Amended Complaint for her Title IX claims on August 9, 2016 (Doc.22), and KU filed a Motion to Dismiss on September 7, 2016. (Doc. 25).

On September 30, 2106, Plaintiff sought leave to file a Second Amended Complaint, which the court granted on February 10, 2017. (Doc 38).  On February 13, 2017, Tackett filed her Second Amended Complaint for her Title IX claims. (Doc.39).

On March 16, 2017, KU filed an answer to Plaintiff's Second Amended Complaint. (Doc. 45).[1]  On March 17, 2017, the District Court of Douglas County dismissed the KCPA class

---

[1]   Res judicata is an affirmative defense that must be pled in a defendant's answer. FRCP 8(c). KU did not include this affirmative defense in its original answer, but instead filed an amended answer six days after receiving the Douglas County District Court opinion.

action lawsuit. On March 23, 2017, KU amended its answer to the Second Amended Complaint to add an affirmative defense of res judicata.   On April 21, 2017, KU filed this Motion to Dismiss based on res judicata.

**B.  Issue presented:  Does the doctrine of Res Judicata operate to dismiss this Title IX lawsuit?**

**C.  Standard of review**

 "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so. *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted).

To apply claim preclusion, three elements must be shown: (1) a final judgment on the merits in an earlier action; (2) identity of parties in both lawsuits; and (3) identity of the cause of action in both lawsuits. *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). Even if these three elements are satisfied, claim preclusion will not apply where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6. (citations omitted); *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997), *cert. denied*, 523 U.S. 1064 (1998).

**D.  Argument and Authorities**

Addressing each of the above elements, it is abundantly clear that res judicata does not bar Daisy Tackett's Title IX lawsuit.

### 1.  Final Judgment on the Merits

KU conveniently omits three important words with respect to the first element it must show for res judicata to apply: there must be a final judgment **on the merits.** KU assumes, wrongly, that the state court order dismissing the class action lawsuit because "student-Plaintiffs lack standing" was a decision on the merits.  It was not.

Dismissal on a ground not going to the merits is not a bar to a subsequent action on the same claim. *Costello v. United States*, 365 US 265, 286(1961). The decision in the KCPA class action case was not a finding on the merits. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 US 490, 498 (1975).

The Eleventh Circuit recognized in *Stalley v. Orlando Regional Healthcare System*, 524 F. 3d 1229, 1232 (11th Cir. 2008) that "a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction" and a "dismissal for lack of subject matter jurisdiction is not a judgment on the merits…" *Id*. at 1232, citing *Cone Corp. v. Fla. Dep't of Transp.,* 921 F.2d 1190, 1203 n. 42 (11th Cir.1991) and *Crotwell v. Hockman-Lewis Ltd.,* 734 F.2d 767, 769 (11th Cir.1984).  The Tenth Circuit concurs. *See GHK Exploration Co. v. Tenneco Oil Co.*, 857 F. 2d 1388, 1392 (10th Cir. 1988) (court-ordered dismissal for lack of subject matter jurisdiction is not a decision on the merits). *See also Wages v. IRS,* 915 F.2d 1230, 1234 (9th Cir.1990) ("A jurisdictional dismissal is not a judgment on the merits."); *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1188 (11th Cir.2003)(dismissal for lack of subject matter jurisdiction "plainly is not an adjudication on the merits that would give rise to a viable res judicata defense").

Even more on point is *McCarney v. Ford Motor Co.*, 657 F. 2d 230, 234 (8th Cir. 1981)

where the Eighth Circuit held "that a dismissal based upon a lack of standing is not 'on the merits' of the underlying substantive claim and is not a bar to asserting another theory of relief based upon the same operative facts assuming the other elements of claim preclusion are satisfied." The Court explained:

> The Supreme Court has expressly delineated a distinction between the issue of standing and the merits of a particular lawsuit. *Warth v. Seldin,* 422 U.S. 490, 498, 500, 95 S.Ct. 2197, 2204, 2206, 45 L.Ed.2d 343 (1975) ("[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal"); *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 153-54, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970). This court has stated that standing is a "threshold inquiry" that "eschews evaluation on the merits." *Coalition for the Environment v. Volpe,* 504 F.2d 156, 168 (8th Cir. 1974). *See Middlewest Motor Freight Bureau v. United States,* 525 F.2d 681, 682 (8th Cir. 1975). *Accord, Sherman v. British Leyland Motors, Ltd.,* 601 F.2d 429, 439-40 (9th Cir. 1979) (standing question is "akin to that of jurisdiction"). The commentators agree that standing is an analytical prerequisite to reaching the merits of a suit. *E.g.,* 13 Wright, Miller & Cooper, Fed. Prac. & Pro., § 3531, at 175-76 (1975).

*Id.* at 232-233.

The dismissal of the KCPA class action lawsuit for lack of standing was not a decision on the merits. KU has failed to establish the first essential element of claim preclusion.

**2.   Identity of the parties**

Plaintiff will concede that she was a plaintiff in both lawsuits against Defendant KU, even though she was only one of many named Plaintiffs seeking class certification in the KCPA Seconded Amended Class Action Petition.

**3.   Identity of the cause of action in both lawsuits:   Plaintiff's Title IX lawsuit is not a duplicative lawsuit to the KCPA class action**

Res judicata does not apply when an entirely different claim for relief is stated in a subsequent action even though the action may be between the same parties. *Parsons Mobile Products, Inc. v. Remmert*, 216 Kan. 138, 531 P.2d 435 (1975) (doctrine of res judicata

improperly applied). As the Court stated in *Remmert,* explaining why the rule against claims splitting was inapplicable there, "[i]n our present case two separate and distinct causes of action or claims were pursued in separate actions." 216 Kan. At 140; *see also Bouton v. Byers,* 50 Kan.App.2d 34, 49-50, 321P.3d780 (2014) (claims splitting rule did not bar promissory estoppel action which could have been brought with earlier shareholder action because "[t]he earlier suit and this one entail factually and legally distinct harms."). Here, the KCPA false advertising claim for injunctive relief is an entirely different claim for relief than the Title IX sexual discrimination and retaliation claim that is the subject of this lawsuit.

"Kansas law emphasizes that the claim or cause of action is defined in terms of the injury for which relief is demanded, that is to say, in terms of the *factual circumstances* of the controversy rather than the legal theory or remedial statute on which the suit is grounded." *Xiangyuan v. St. Francis Health Ctr.,* 215 Fed.Appx. 717, 719 (10th Cir.2007) (citations omitted); *Carter v. City of Emporia, Kan.*, 815 F.2d 617, 620 (10th Cir. 1987), citing *Wells, Administrator v. Ross*, 204 Kan. 676, 678, 465 P.2d 966, 968 (1970). Plaintiff did not seek damages for sexual assault under Title IX in the KCPA class action lawsuit for false advertising. The injury alleged in the class action was an advertising injury, seeking declaratory and injunctive relief.

Recognizing the Tenth Circuit's "transactional approach" when defining a cause of action, *Nwosun*, 124 F.3d at 1257, there is little overlap of witnesses or proofs between the two lawsuits. The "transaction, event, or occurrence" in Tackett's Title IX complaint arises from a sexual assault, the Defendant's deliberate indifference to her rights, and the retaliation she experienced after she complained. The "transaction, event, or occurrence" in the KCPA class action case arises from the Defendant's false advertisement about the safety of its residential

halls on campus.

While a few of the background allegations in the two lawsuits concern sexual assault and do overlap, Ms. Tackett's *claims and causes of action* in the two lawsuits did not arise from the same transaction are not similar. In the KCPA class action suit, she seeks relief on the basis that KU deceived her in connection with a consumer transaction, i.e., that she was sold services that were not as represented.  In this Title IX lawsuit, she seeks relief on the basis that KU discriminated against, harassed, retaliated against, and created a hostile educational environment on the basis of her sex.  This situation is similar to a KCPA claim against a car salesman for making misrepresentations in the sale of a car and a personal injury claim for an automobile crash. While both claims involve a car, and perhaps the same car, they are completely separate transactions, giving rise to separate and distinct claims.

There is little overlap of witnesses between the two cases as well. Tackett's rowing coach and teammates are not relevant witnesses to the KCPA claim for false advertising. The IOS office and personnel who investigated Tackett's sexual assault claim are not necessary witnesses to the false advertising published by the University in its literature and on its website.

Moreover, the relief requested in the KCPA class action was for declaratory and injunctive relief. Generally, "a suit for an injunction is a separate cause of action from a suit for damages, and therefore res judicata does not preclude a subsequent action for damages." *Jackson Trak Group, Inc. v. Mid States Port Auth.*, 242 Kan. 683, 692, 751 P.2d 122, 129 (1988). Kansas courts have held that "an action for injunctive relief ... does not constitute the same cause of action as an action for damages." *Id.*, citing *Thompson-Hayward Chem. Co. v. Cyprus Mines Corp.*, 8 Kan. App.2d 487, 492, 660 P.2d 973, 977 (1983). In *Jackson Trak,* the Kansas Supreme Court stated:

> We note, however, that the doctrine of res judicata is held not to apply to issues raised in the previous case which were not decided by the court or jury. Hence, the doctrine of res judicata does not preclude relitigation of an issue raised by the pleadings in the prior action, but not considered either by stipulation of the parties or otherwise."

*Id.,* 242 Kan. At 691, 751 P.2d at 128.

Res judicata does not preclude litigation of Tackett's Title IX claims.[2]

### 4. Full and fair opportunity to litigate the claim in the prior suit

Even if Defendant KU were able to establish the three requirements of claim preclusion discussed above, res judicata cannot bar the claims in this Title IX lawsuit from going forward as there has been no full and fair opportunity to litigate these claims before a court with the authority to adjudicate the merits of the claims. See, e.g., *Scroggins v. Kansas*, 802 F.2d 1289, 1291 (10th Cir.1986); *Kremer v. Chemical Constr. Corp*., 456 U.S. 461, 481 n. 22, (1982). "The majority of federal courts, including the United States Supreme Court and the Tenth Circuit, recognize an exception if the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit." *Rhoten v. Dickson*, 290 Kan. 92, 223 P.3d 786, 797 (2010); *see also Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 n. 4 (10th Cir.1999).

Defendant cites *Wanjitu v. Johnson County,* 173 F. Supp. 3d 1217 (D. Kan. 2016) as its authority because a dismissal "on a Rule 12 motion is sufficient to constitute a full and fair opportunity to litigate claims."  Doc 52 at p. 11.  *Wanjitu* involved a Rule 12(b)(6) dismissal,

---

[2]    Plaintiff Sarah McClure ("Jane Doe 7") has also filed a Title IX lawsuit against KU alleging sexual discrimination and retaliation, and her complaint includes a claim pursuant to the KCPA. Case No. 16-cv-02458, Doc. 29, pp. 25-27.  However, both the factual allegations in that case and the relief sought are fundamentally different than the allegations and relief sought in the KCPA class action case. In her Title IX complaint, McClure bases her KCPA claim in part on an allegation specific to KU's representations about the safety and characteristics of Jayhawker Towers and she seeks damages or a civil penalty pursuant to subsection 50-634(b). Those specific facts and that remedy fact were not alleged in the KCPA class action lawsuit. Moreover, McClure did not seek to represent a class of consumers in her Title IX case. Because of these fundamental differences in the two lawsuits, and as discussed above with respect to Ms. Tackett, the principles of res judicata and "claims splitting" do not apply to Ms. McClure's claims.

after the plaintiff failed to respond to a motion to dismiss, and failed to appeal the dismissal of his prior identical lawsuit. Here, however, the KCPA class action lawsuit was not a 12(b)(6) dismissal: It was a 12(b)(1) dismissal.[3]  "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

Daisy Tackett did not have a full and fair opportunity to litigate her Title IX claim in the false advertising class action case that was dismissed on jurisdictional grounds.  As stated above, the dismissal of the KCPA class action claim was not a decision on the merits. The KCPA class action case did not include any allegations of personal injury or damages that Tackett seeks in her Title IX case. Tackett's Title IX lawsuit should not be dismissed.

## E.  Conclusion

Defendant KU has not shown it is entitled to dismissal of this lawsuit on the grounds of res judicata, claim preclusion or claim splitting – however it has chosen to phrase this doctrine. KU's arguments and authorities do not control this analysis, and its motion should be denied.

WHEREFORE, Plaintiff requests that the court deny Defendant's Motion to Dismiss and provide any such further relief as is warranted in this case.

---

[3]  FRCP 12(b) is identical to K.S.A. 60-212(b).  K.S.A. 60-212(b)(1) formed the basis of the Douglas County District Court's dismissal for lack of standing.

Respectfully Submitted,


/s/ Sarah A. Brown
Sarah A. Brown, KS# 12130
Dan Curry, KS#22750
Brown & Curry, LLC
406 West 34th Street, Suite 810
Kansas City, MO 64111
(816) 756-5458
(816) 666-9596 (FAX)
sarah@brownandcurry.com
dan@brownandcurry.com

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2017 the foregoing document was served by the Court's electronic filing system upon the following parties of record:

Michael C. Leitch
Megan K. Walawender
University of Kansas
Office of the General Counsel
1450 Jayhawk Blvd., 245 Strong Hall
Lawrence, Kansas 66045
Tel: (785) 864-3276; Fax: (785) 864-4617
mleitch@ku.edu
megal.walawender@ku.edu
ATTORNEYS FOR DEFENDANT


/s/ Sarah A. Brown
Attorney for Plaintiff