**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DAISY TACKETT,** | ) </br> ) |
| Plaintiff, | ) </br> ) |
| v. | )   Case No. 16-cv-2266-JTM-GEB </br> ) |
| **UNIVERSITY OF KANSAS,** | ) </br> ) |
| Defendant. | ) </br> ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

The University of Kansas has moved to dismiss this duplicative lawsuit on the basis of res judicata or claim preclusion. In responding to the motion, Plaintiff has ignored the duplication of remedies sought in her two lawsuits, ignored the doctrine of statutory standing that Kansas and federal courts agree is an issue on the merits, and ignored the actual ruling of the Kansas district court finding she was not an "aggrieved" consumer under the Kansas Consumer Protection Act. Her silence on those issues is almost as revealing as her teammate's lawsuit in this Court alleging both Title IX and KCPA claims *in the same case*. The claims arise from the same nucleus of facts, and Plaintiff could have included these Title IX claims in the state court action. That state court action was dismissed on the merits, and res judicata bars a second lawsuit. This case should be dismissed.

**DISCUSSION**

Plaintiff admits the general rule of res judicata or claim preclusion applies when (1) there is a final judgment; (2) the same parties are involved in the two suits; (3) there is the same cause of action in both suits; and (4) the earlier judgment was on the merits. Plaintiff admits that she is

{L0059641.5 }

1

a party in both suits and that there is a final judgment.  Critically, Plaintiff's argument that she did not have a "full and fair" opportunity to litigate the previous suit ignores her conscious election to bring competing lawsuits and merely repeats her argument as to whether the earlier judgment was "on the merits."  Accordingly, in this reply, the University addresses only the two disputed issues – whether the state court judgment was "on the merits" and whether the cases involve the same "cause of action." In brief – it was, they do, and this case should be dismissed.

   **1.   The State Court Judgment was "On the Merits"**

As explained in the University's motion, the state court dismissed plaintiff's claims on the basis of statutory standing.  A ruling based on statutory standing is recognized as a ruling on the merits, and therefore this element of res judicata is met.

Plaintiff's argument on this point is entirely conclusory. She cites and quotes multiple authorities that hold that a jurisdictional ruling regarding a lack of standing is not a decision on the merits for purposes of res judicata, and she says the dismissal was based on standing.[1]  Plaintiff's argument would be correct only if the state court based its dismissal on constitutional and not statutory standing, but that is a distinction the plaintiff ignores, because it defeats her claim.  Both the Kansas Supreme Court and the United States Supreme Court have recognized the distinction between statutory and constitutional standing.  *See Sierra Club v. Moser*, 298 Kan. 22, 29, 310 P.3d 360, 367 (2013); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387, n.4 (2014).  So has the Tenth Circuit.  *Carolina Cas. Ins. Co. v. Pinnacol Assur.*, 425 F.3d 921, 926 (10th Cir. 2005) (holding statutory standing was not a jurisdictional issue).  Rather, as

---

[1] In doing so, Plaintiff ignores the decision of the Kansas Court of Appeals in *Landrith v. Summers*, 346 P.3d 1113, 2015 WL 1784900 at *7 (Kan. Ct. App. 2015), *review denied* (Jan. 25, 2016), which affirmed a res judicata dismissal where the first federal case – a RICO claim – was dismissed for lack of standing.

{L0059641.5 }

the courts recognize, "statutory standing is part and parcel of the merits of a particular claim." *Vander Luitgaren v. Sun Life Assur. Co. of Canada*, 765 F.3d 59, 63 (1st Cir. 2014).

Here, Judge Huff's state court decision was based on statutory standing. Judge Huff analyzed the Kansas Consumer Protection Act's requirement that a plaintiff be a "consumer" and whether the Plaintiff's Second Amended Petition alleged sufficient facts to show she was "aggrieved" under the statute. In doing so, Judge Huff followed this Court's analysis of the KCPA in *Stein v. Sprint Corp.*, 22 F.Supp.2d 1210, 1216 (D. Kan. 1998) (on reconsideration). Her judgment made clear it was looking at separate issues of standing, noting, "In addition to constitutional standing, a party asserting a claim under a Kansas statute must establish statutory standing." *See* Ex. 2 at 5. The court then analyzed what the plaintiff had to allege to have standing to sue "under the KCPA," and it properly found that she had failed to do so. *Id*. The state court judgment is based on whether the allegations state a claim under the KCPA and as such, is a decision on statutory standing. That decision was a dismissal "on the merits" of Ms. Tackett's KCPA claim, and this element of the res judicata defense is satisfied.

**2. The Cause of Action is the Same**

Under a res judicata analysis, the cause of action in both of Ms. Tackett's cases is also the same. As the Kansas Supreme Court has recognized, "The doctrine of res judicata is a common-law rule of equity grounded in both notions of justice and in sound public policy, each of which demands that a party not be vexed with litigation twice on the same cause." *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196, 1198-99 (2015). "It is not only familiar law, but manifest justice, that a (party) should not be vexed twice with the same litigation." *Wilson Cty. Comm'rs v. McIntosh*, 30 Kan. 234, 1 P. 572, 574 (1883). Plaintiff ignores the Court's teachings and the fundamental public policy advanced by the rule of res judicata. Rather, she contends that res

{L0059641.5}

3

judicata does not apply when "an entirely different claim for relief is stated in a subsequent action." Pl. Opp. at 5. Plaintiff misreads the cases.

Seeking different "relief" does not constitute a "new" claim for purposes of res judicata. Kansas cases make clear that the fact that the plaintiff chooses a new legal theory or a different remedy to pursue does not make the second case a distinct cause of action. *See Mavrovich v. Vill. Greens, Inc.*, 118 P.3d 178, 2005 WL 2076579 (Kan. Ct. App. 2005) (holding res judicata barred claim; "Mavrovich's claim that the golf course needs to be redesigned is a request for a different type of remedy, not a different cause of action."). The Tenth Circuit also holds, "A party cannot circumvent the bar of res judicata by asserting a new legal theory or by seeking a different remedy." *Overton v. United States*, 48 F. App'x 295, 300-01 (10th Cir. 2002) (citation omitted). Here, however, plaintiff seeks the same remedy in both cases. This duplication further confirms that the cases arise from the same cause of action, and this case should be dismissed.

### a. Plaintiff Seeks Duplicative Remedies

While plaintiff cites and quotes from *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 691, 751 P.2d 122 (1988), that case is no longer the law in Kansas, and its different facts show it has no application here in any event. First, as the Kansas Court of Appeals has recognized, *Jackson Trak* is not good law, because the Kansas Supreme Court's cases of *Stanfield v. Osborne Industries, Inc.*, 263 Kan. 388, 949 P.2d 602 (1997), and *Rhoten v. Dickson*, 290 Kan. 92, 223 P.3d 786 (2010) "define the contemporary application of res judicata," and they "redefined res judicata" in Kansas. *Estate of Belden v. Brown Cty.*, 46 Kan. App. 2d 247, 261, 261 P.3d 943, 956 (2011). Moreover, *Jackson Trak* is not factually similar to this case. There, the first case was solely an action for injunctive relief related to notice provisions in a contract, and in it the plaintiff expressly reserved its claim for damages on the contract. It was later dismissed as

{L0059641.5 }

4

moot. The court there found that because the breach and damages issues had been expressly reserved by the court, the limited action for injunctive relief did not bar the action for damages.

That case bears no similarity to this case. In the state court action, Ms. Tackett did not reserve a claim for damages, *see generally* Ex. 1, and the court did not attempt to preserve any issues. *See* Ex. 2. Second, and perhaps more importantly, Ms. Tackett has sought overlapping remedies in both cases. Both lawsuits expressly ask for the "disgorgement of tuition" and board payments. Both lawsuits also seek injunctive relief. See Exhibit 2 at 3 ("Plaintiffs further seek injunctive relief and ancillary relief, including disgorgement of funds received from Plaintiffs and all other similarly situated consumers.") and SAC at ¶127 (praying for "disgorgement of tuition and board payments made on her behalf" and for injunctive relief). These overlapping and duplicative remedies look nothing like *Jackson Trak* – they look like different legal theories seeking double recovery. Kansas law of res judicata bars the second lawsuit in such cases.

### b. Res Judicata Bars Duplicative Claims Arising from the Same Relationship

As this court has recognized, disputes arising from one relationship should be brought in one lawsuit. In *Haynes v. Kansas*, this Court found the same cause of action where a plaintiff's first case alleged an unlawful search under the Fourth Amendment, while the second case was for employment discrimination. *See Haynes v. Kansas*, 2006 WL 1360333, D.Kan. Case No. 05–1250–JTM. In dismissing the second case, this Court noted, "There is a danger that plaintiff's separate suits tend to create piecemeal litigation, requiring defendants to expend additional resources in defending against a suit. The court discourages such an approach to litigating in the courts." Accordingly, the court dismissed the second case, and the Tenth Circuit affirmed. *Haynes v. Kansas*, 261 F. App'x 87 (10th Cir. 2008). The same danger exists here, and the Court should again discourage a piecemeal approach.

{L0059641.5}

Like the plaintiff in *Haynes*, students have an ongoing relationship with their respective universities, and their claims are also subject to the bar of res judicata. For example, a law student in Michigan initially brought a number of claims, including consumer protection claims like Plaintiff's, against her school alleging it refused to provide accommodations for her disability and misled her as to her ability to obtain accommodations. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 814 (6th Cir. 2010). In *Buck*, the student was able to obtain a preliminary injunction from the state court and to attend classes, but the case was appealed and the state appeals court ruled for the school. While that case was pending, she was dismissed from school for academic reasons. She later filed a federal action challenging her dismissal, asserting disability discrimination and implied contract claims. The district court dismissed the second case based on res judicata, and the Sixth Circuit affirmed. Applying the same transactional approach applicable here, the court found the second lawsuit was part of the same transaction with the student, as evidenced by the fact that many factual allegations she raised in the second lawsuit were identical to those she raised in her state court litigation. *Buck*, 597 F.3d at 817.

### c. **Plaintiff's Cases Rely on the Same Facts and Seek the Same Remedies**

Like *Buck*, Plaintiff's lawsuits have multiple paragraphs of identical allegations on points that are critical to her claims. Both cases rely heavily on evidence of prior sexual assaults that allegedly occurred at the University.[2] Both cases rely on statements allegedly made by the University's former police chief about the occurrence of sexual assault on campus.[3] Both cases involve the safety and security of KU's student housing facilities.[4] Both lawsuits rely on evidence in KU's annual Clery Reports.[5] Both cases allege that Plaintiff suffered a sexual assault on

---

[2] Compare Ex. 1, State Court Petition ¶11(a)-(f) to Second Amended Complaint (SAC) [Doc. 39] ¶11(a)-(f).
[3] Compare Ex. 1, State Court Petition ¶23 to SAC ¶14.
[4] Compare Ex. 1, State Court Petition ¶26 to SAC ¶16.
[5] Compare Ex. 1, State Court Petition ¶33 to SAC ¶15.

{L0059641.5 }

6

campus, and was subsequently harassed by that assailant.[6] And most telling, the allegations in Paragraph 16 of plaintiff's Second Amended Complaint are the core allegations in the state court lawsuit. The state court case focuses on the appropriateness of calling the KU campus "safe," which is at the root of plaintiff's allegations in this case in paragraphs 86, 87, 88, and 89—all relating to KU's knowledge of alleged sexual assaults, particularly in Jayhawk Towers, and its supposed failure to supervise, warn, and train its student athletes. Just as importantly, Plaintiff's cases also seek overlapping remedies. Both cases seek disgorgement of tuition and board payments made on Plaintiff's behalf, and both cases seek injunctive relief.[7]

Plaintiff nevertheless argues that the only overlap in the cases is "a few of the background allegations" that concern sexual assault. Her description is not accurate. This court will recall that, until this Court properly dismissed it, Plaintiff sought to hold KU responsible for her sexual assault under the authority of *Simpson v. University of Colorado Boulder*, 500 F.3d 1170 (10th Cir. 2007), arguing, in part, that KU had a history of allowing an unsafe on-campus environment that contributed to her sexual assault. Virtually all of the facts to support her argument in support of that claim came out of the facts she now describes as mere "background." *See* Doc. 30, Plaintiff's Memorandum in Opposition to Motion to Dismiss, at page 3-4 ("KU's policies increased the chances that Plaintiff would be raped."). They are many of the very same facts she relied upon in the state court when alleging that the University had falsely advertised the safety of its housing facilities. *See* Notes 2-7, *supra*. Those allegations are not background, they are the foundation of her claims in both cases.

If Plaintiff had been successful in stating either her state court claim under the KCPA or her theory of liability under *Simpson v. Colorado* in this federal lawsuit, in both cases, the

---

[6] Compare Ex. 1, State Court Petition ¶29 to SAC ¶20 and ¶¶45-47.
[7] Compare Ex. 1, State Court Petition at 11 to SAC ¶¶127.

{L0059641.5 }

7

University would have presented similar evidence. For example, in each situation, the University would have likely presented evidence of its efforts to keep the campus and housing facilities safe, the fact that the campus is in fact safe, and the fact that the University acted appropriately in stating that its campus is safe. Its defenses to both the state court matter and this federal court case would likely have included evidence of its training for University employees on handling complaints of sexual harassment and sexual assault; its training programs for students like Plaintiff on steps to stay safe on campus and in student housing; its policies and procedures for handling complaints of sexual harassment and/or sexual assault; what steps the University took to discipline students found to have committed sexual harassment and/or sexual assault – including the investigation and removal of Plaintiff's assailant, the interim measures it offered to Plaintiff, the interim measures and accommodations (including a campus escort) it provided to Plaintiff, and the interim measures and accommodations the University provides to other students who experience sexual assault and/or sexual harassment, both on and off campus; and evidence of the relative safety living on campus as compared to living off campus. All of this evidence applies to both cases, just as Plaintiff's identical allegations do.

Plaintiff also argues that her rowing teammates would not have been relevant witnesses to her KCPA claim, Pl. Opp. at 7. She is wrong. If that KCPA claim had gone to trial, the University anticipates that Plaintiff's rowing teammates would testify about how they – and perhaps Ms. Tackett herself – felt safe living in Jayhawk Towers and how and why they decided to live there. Likewise, and again contrary to Plaintiff's argument, IOA staff would be witnesses in both cases, as they would have knowledge of prior allegations of sexual assault in KU student housing and how they were handled, as well as their efforts to train housing staff on responding to such events.

They also have knowledge of the event originating both cases – Plaintiff's sexual assault – because they investigated it – leading to the removal of her assailant from campus.

While Plaintiff tries to spin her state court case as merely one of "false advertisement," Pl. Opp. at 6, the reality is that one unfortunate event – Plaintiff's sexual assault -- is the origin of both of these cases. The legal *theories* Plaintiff has split out of that incident are not determinative for purposes of res judicata. *See Stanfield v. Osborne Indus., Inc.*, 263 Kan. 388, 400-01, 949 P.2d 602, 611 (1997). Rather, res judicata applies where the two cases are related in time and origin, witnesses and evidence would tend to overlap, and allegations are almost identical. *Stanfield,* 263 Kan. at 402, 949 P.2d 602. This is such a case. With all of the overlapping evidence, pursuit of the same remedy of disgorgement of tuition, and many identical allegations all occurring at or around the time Plaintiff was attending the University and originating with Plaintiff's sexual assault, Plaintiff should have brought her KCPA and Title IX claims together – but chose not to do so at her peril. They are the same cause of action. Accordingly, this element of res judicata is also met, and this case should be dismissed.

## CONCLUSION

The state court has already carefully reviewed and dismissed Ms. Tackett's other lawsuit against the University on the merits of the KCPA claim. The University should not have to defend itself twice on claims originating from the same incident with the same plaintiff. All of the issues between Ms. Tackett and the University could have been presented in the state court action. The rule of res judicata applies here, and this duplicative lawsuit should be dismissed.

Respectfully submitted,

/s/ Michael C. Leitch
Michael C. Leitch, Kansas Sup. Ct. #19588
Email: mleitch@ku.edu

{L0059641.5 }

9

>Megan K. Walawender, Kansas Sup. Ct. #22955
>Email:  megan.walawender@ku.edu
>Room 245 Strong Hall
>1450 Jayhawk Blvd.
>Lawrence, Kansas  66045
>Tel:     (785) 864-3276
>Fax:     (785) 864-4617
>ATTORNEYS FOR DEFENDANT
>UNIVERSITY OF KANSAS

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2017, a copy of the foregoing was electronically filed through the ECF system which sent a Notice of Electronic Filing to the following counsel:

>Dan Curry
>Sarah Brown
>BROWN & CURRY, LLC
>406 W. 34th Street, Suite 810
>Kansas City, MO 64111
>dan@brownandcurry.com
>sarah@brownandcurry.com
>*Counsel for Plaintiff*

> /s/ Michael C. Leitch
>   An Attorney for Defendant