IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAISY TACKETT,

        Plaintiff,

v.

                                                                      Case No. 16-2266-JTM

UNIVERSITY OF KANSAS,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Daisy Tackett ("Tackett") filed this action in state court against defendant University of Kansas ("KU") pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, alleging a hostile educational environment and retaliation. KU removed Tackett's lawsuit to this court, and argues the doctrine of res judicata bars her claims. This matter is before the court on KU's motion to dismiss (Dkt. 52). For the reasons provided below, the court denies KU's motion.

    **I.**    **Background**

On March 11, 2016, a group of plaintiffs—which included Tackett's parents, but excluded Tackett—filed a class action lawsuit against KU pursuant to the Kansas Consumer Protection Act ("KCPA"), Kan. Stat. Ann. § 50-623, et seq., *James Tackett, et al. v. University of Kansas*, Case No. 2016-CV-103 (the "KCPA lawsuit"). The plaintiffs claimed that Tackett was sexually assaulted in Jayhawker Towers while she was a student at KU. The plaintiffs alleged that KU repeatedly represented to them and other

-1-

students and their family members that KU's residence halls were safe, but these representations were false.

Ten days after the KCPA lawsuit was filed, on March 21, 2016, Tackett filed the instant Title IX lawsuit against KU in Douglas County, Kansas. On April 25, 2016, KU removed the Title IX lawsuit to federal court.

Two months later, on June 28, 2016, Tackett joined in the KCPA lawsuit. KU also moved to dismiss the KCPA lawsuit in June 2016, for lack of standing and failure to state a claim.

On March 17, 2017, the Douglas County District Court, Judge Kay Huff, granted KU's motion to dismiss the KCPA lawsuit. Judge Huff held that the parent-plaintiffs did not have statutory standing because they had not signed the contracts with KU, thereby failing to meet the statutory definition of consumers under the KCPA. On the other hand, the state court found that the student-plaintiffs were parties to the consumer transaction, but lacked standing to seek declaratory or injunctive relief because—as former students—they did not allege that they were in danger of suffering a present or future injury.

On March 23, 2017, KU amended its answer to the Second Amended Complaint to add the affirmative defense of res judicata, which is the subject of KU's present motion to dismiss.[1]

## II. Res Judicata

---

[1] The court previously ruled on KU's prior motion to dismiss (Dkt. 25) and granted it in part, and denied it in part. (Dkt. 38). In its present motion to dismiss, KU does not necessarily rechallenge the merits of Tackett's claims; instead, it argues that the court should dismiss Tackett's claims under the doctrine of res judicata.

When a court makes a judgment, the preclusive effect of that judgment is defined by both claim preclusion and issue preclusion, collectively known as "res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion precludes parties to a lawsuit from relitigating issues that were or could have been raised in prior actions. *Haynes v. Kansas*, 261 F. App'x 87, 89 (10th Cir. 2008).[2] The purpose of res judicata is to protect parties and the court from multiple lawsuits, minimizing inconsistent decisions, and conserving judicial resources. *Id.* Claim preclusion is an affirmative defense, and KU bears the burden to plead and prove this defense. *Pelt v. Utah*, 539 F.3d 1271, 1283 (10th Cir. 2008).

"In determining whether res judicata applies, a federal court gives the state court judgment the same effect that it would be given by the state where the judgment was handed down." *Cubie v. Bryan Career Coll., Inc.*, 244 F. Supp. 2d 1191, 1199–200 (D. Kan. 2003). Both the Tenth Circuit and Kansas require satisfaction of three elements for dismissal to be proper: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Pelt*, 539 F.3d at 1281 (quoting *MACTEC Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005); *Cubie*, 244 F. Supp. 2d at 1199. Within these elements, "Kansas considers whether the parties were fully heard, whether the decision was supported by a reasoned opinion and whether the decision was subject to or reviewed on appeal." *Cubie*, 244 F. Supp. 2d at 1199–200.

---

[2] KU does not argue that issue preclusion bars Tackett's Title IX claims.

It is undisputed that Tackett's Title IX lawsuit contains the same parties as the KCPA lawsuit. It is also undisputed that Judge Huff's decision was a final judgment.[3] However, the parties disagree whether Judge Huff's dismissal of the KCPA lawsuit for lack of standing was a decision on the merits.

### III.   Standing

"[P]arties in a judicial action must have standing as part of the Kansas case-or-controversy requirement imposed by the judicial power clause of Article 3, § 1 of the Kansas Constitution." *Sierra Club v. Moser*, 298 Kan. 22, 29, 310 P.3d 360, 367 (2013) (citing *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 895–96, 179 P.3d 366, 382–83 (2008)). Consequently, "standing is a component of subject matter jurisdiction . . . ." *Id.* (citing *Cochran v. Kan. Dept. of Agric.*, 291 Kan. 898, 903, 249 P.3d 434, 440 (2011)). A plaintiff must also have statutory standing under the applicable statute governing the cause of action. *See, e.g., Sierra Club*, 298 Kan. at 29, 310 P.3d at 367 ("The parties agree that a multilevel analysis—(1) statutory standing and (2) common-law or traditional standing—applies . . . [t]o establish statutory standing under the first prong, Sierra Club must satisfy the standing requirements of both the KAQA and the Kansas Judicial Review Act (KJRA)[.]").

As recognized by Judge Huff, to have statutory standing to sue under the KCPA, Tackett must be a consumer. *See also Hayes v. Find Track Locate, Inc.*, 60 F. Supp. 3d 1144, 1151 (D. Kan. 2014) (a consumer is a party to the contract). Tackett cleared this hurdle,

---

[3] The court can take judicial notice of Judge Huff's Memorandum and Order (Dkt. 52-2) in the KCPA lawsuit without converting KU's motion to dismiss to a motion for summary judgment. *See Barnes v. United States*, 776 F.3d 1134, 1137 n.1 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1155 (2016).

but Judge Huff's analysis did not end there. Judge Huff went on to find that Tackett could not show a continuing injury or imminent threat of future harm and therefore, she lacked standing for prospective relief. She further held that Tackett lacked standing because she was not an "aggrieved" consumer, and cited *Stein v. Sprint Corp.*, 22 F. Supp. 2d 1210, 1216 (D. Kan. 1998), in support.

KU argues that because Judge Huff found Tackett lacked statutory standing—specifically, that she was not an aggrieved consumer—this was a decision on the merits. The court agrees that Judge Huff concluded Tackett lacked standing, however, Judge Huff's reasoning was based on constitutional or Article III standing—not statutory standing. The cases cited by Judge Huff in her analysis address Article III standing. *See Hammer v. Sam's E., Inc.*, No. 12-CV-2618-CM, 2013 WL 3756573, at *2 (D. Kan. July 16, 2013) ("Third, defendants contend that an increased risk of identity theft or fraud is too remote and speculative to confer Article III standing. Because the court agrees with defendants' third argument, it does not address the first two arguments."); *Stein*, 22 F. Supp. 2d at 1216 ("In light of the evidence in the [KCPA's] comment that the legislature intended that a class plaintiff be 'aggrieved', the court concludes that section 50–634 should be interpreted to preserve the statute's constitutionality and require that a private plaintiff have suffered an injury."); *Baker v. City of Overland Park*, 216 P.3d 191, 2009 WL 3083843, at *4 (Kan. Ct. App. Sept. 25, 2009) ("Generally, standing under the Kansas Constitution requires that the plaintiff allege 'such a personal stake in the outcome of a controversy as to warrant invocation of jurisdiction and to justify exercise of the court's remedial powers on his or her behalf.'").

A dismissal for lack of Article III standing is not a decision on the merits; instead, the court lacks jurisdiction to consider the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109–10 (1998) ("Having found that none of the relief sought by respondent would likely remedy its alleged injury in fact, we must conclude that respondent lacks standing to maintain this suit, and that we and the lower courts lack jurisdiction to entertain it."); *Rector v. City & Cty. of Denver*, 348 F.3d 935, 942 (10th Cir. 2003) ("Standing, however, raises jurisdictional questions and we are required to consider 'the issue sua sponte to ensure that there is an Article III case or controversy' before us."). Conversely, statutory standing relates to the merits of a plaintiff's claim. *See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 n.4 (2014); *Carolina Cas. Ins. Co. v. Pinnacol Assur.*, 425 F.3d 921, 926 (10th Cir. 2005).

KU is correct that Judge Huff found that Tackett was not an aggrieved consumer as contemplated by the KCPA statute. However, as recognized by Judge Lungstrum in *Stein*, "aggrieved" is a constitutional component to statutory standing under the KCPA. *See Stein*, 22 F. Supp. 2d at 1216 (accepting the defendant's argument that interpretation of the KCPA to permit a class action without an actual injury would not comport with the constitutional requirement of standing). In other words, the constitutional and statutory standing requirements overlap. If the consumer was not aggrieved, then there would not be a sufficient injury in fact to allow for constitutional standing. *See id.* ("Although the court is not necessarily persuaded that section 50–634 is ambiguous on its face concerning whether a private plaintiff must be 'aggrieved' to bring a class action for injunctive relief under the KCPA, it does agree that a contrary interpretation would

violate the standing requirement."). Even if Judge Huff considered Tackett to lack statutory standing because she was not an aggrieved consumer, Judge Huff previously found that Tackett lacked constitutional standing because she could not show an imminent threat of injury to warrant prospective relief; thus, Judge Huff lacked jurisdiction to consider the merits of Tackett's KCPA claim.

The court finds that Judge Huff's dismissal of Tackett's KCPA lawsuit was not a final judgment on the merits. KU has not met its burden to show that res judicata is applicable to Tackett's Title IX case.

IT IS THEREFORE ORDERED this 27th day of July, 2017, that KU's motion to dismiss (Dkt. 52) is DENIED.

 s/ J. Thomas Marten
J. Thomas Marten, Judge